## CASE NO. 21-7352

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

LARONE F. ELIJAH,

*Plaintiff - Appellant,*

v.

BRYAN K. DOBBS, Warden,

*Defendants - Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT BEAUFORT

## JOINT APPENDIX

J. Scott Ballenger
Appellate Litigation Clinic
UNIVERSITY OF VIRGINIA
SCHOOL OF LAW
580 Massie Road
Charlottesville, VA 22903
202-701-4925
sballenger@law.virginia.edu

Marshall Prince, II
OFFICE OF THE U. S. ATTORNEY
1441 Main Street, Suite 500
Columbia, SC 29201-2692
803-929-3000
Marshall.Prince@usdoj.gov

Andrew R. de Holl
OFFICE OF THE U. S. ATTORNEY
151 Meeting Street, Suite 200
Charleston, SC 29402
843-266-1604
andrew.de.holl@usdoj.gov

*Counsel for Appellant*

*Counsel for Appellee*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

District Court Docket Sheet [9:20-cv-030 40-JD] .......................................1

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
    Filed August 24, 2020 [ECF1] ............................................... 4

Motion for Summary Judgment with Exhibit
    Filed November 10, 2020 [ECF8] .................................. 61

     Ex. A:   Declaration of Forest Kelly with Attachments
           [ECF8-1] ......................................... 69

             Att. 1:   Judgment in a Criminal Case,
                    Case No. 7:07-CR-10-1D, E.D. N.C. ...................... 72

             Att. 2:   SENTRY Public Information Inmate Data .............. 79

             Att. 3:   USMS Form 129 ....................................................... 83

             Att. 4:   Supervised Release Revocation Judgment .............. 88

             Att. 5:   Judgment in a Criminal Case,
                    Case No. 4:15-CR-70-1-D, E.D. N.C. ...................... 90

             Att. 6:   SENTRY Public Information Inmate Data
                    as of September 28, 2020 ........................................ 97

             Att. 7:   Administrative Remedy ID No. 998351,
                    all levels ................................................................. 102

Response to Motion to Dismiss and Affidavit
    Filed December 14, 2020 [ECF12] ................................. 112

Report and Recommendation
    Filed July 29, 2021 [ECF18] ......................................... 119

i

Objections to Report and Recommendations Issued 7-29-21
    Filed August 12, 2021 [ECF20]......................................................... 131

Order and Opinion
    Entered August 23, 2021 [ECF21] ..................................................135

Notice of Appeal
    Filed September 21, 2021 [ECF24] ................................................ 138

10/3/22, 9:53 AM                                             CM/ECF - scd

**Query    Reports    Utilities    Help    Log Out**

APPEAL,CLOSED,MHC-Inmate,PRISONER,PROSE

# U.S. District Court
## District of South Carolina (Beaufort)
## CIVIL DOCKET FOR CASE #: 9:20-cv-03040-JD

Elijah v. Dobbs                                          Date Filed: 08/24/2020
Assigned to: Honorable Joseph Dawson, III               Date Terminated: 08/23/2021
Case in other court: United States Court of Appeals for the Fourth    Jury Demand: None
                     Circ, 21-07352                     Nature of Suit: 530 Habeas Corpus
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)    (General)
                                                        Jurisdiction: U.S. Government Defendant

**Petitioner**

**Larone F Elijah**                    represented by    **Larone F Elijah**
                                                        70214-056
                                                        COLEMAN LOW
                                                        FEDERAL CORRECTIONAL
                                                        INSTITUTION
                                                        Inmate Mail/Parcels
                                                        P.O. BOX 1031
                                                        COLEMAN, FL 33521
                                                        PRO SE

V.

**Respondent**

**Bryan K Dobbs**                      represented by    **Marshall Prince**
*Warden*                                                US Attorneys Office
                                                        1441 Main Street
                                                        Suite 500
                                                        Columbia, SC 29201
                                                        803-929-3000
                                                        Fax: 803-254-2943
                                                        Email: marshall.prince@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/24/2020 | 1 | PETITION for Writ of Habeas Corpus, filed by Larone F Elijah. (Attachments: # 1 Supporting Documents, # 2 Cover Letter, # 3 Envelope)(cpeg, ) (Entered: 08/27/2020) |
| 09/18/2020 | 3 | Filing fee: $ 5.00, receipt number SCX400014762 (cpeg, ) (Entered: 09/18/2020) |
| 09/22/2020 | 5 | **ORDER authorizing service of process by clerk. Directing petitioner to notify the clerk in writing of any change of address. Signed by Magistrate Judge Molly H Cherry on 09/22/2020. (Attachments: # 1 Petition)(cpeg, )** (Entered: 09/22/2020) |

**JA1**

CM/ECF - scd

| 09/22/2020 | 6 | ***DOCUMENT MAILED 5 Order 2241 Federal Habeas, placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 FCI Williamsburg P.O. Box 340 Salters, SC 29590. 1 Petition sent certified mail (94147118995644640095093) to the Attorney General. (cpeg, ) (Entered: 09/22/2020) |
| 10/15/2020 | 7 | CERTIFIED MAIL RECEIPT re 1 Petition for Writ of Habeas Corpus served on US Attorney General on 10/05/2020. Answer owed by Bryan K Dobbs 11/12/2020. (cpeg, ) (Entered: 10/15/2020) |
| 11/10/2020 | 8 | MOTION for Summary Judgment by Bryan K Dobbs. Response to Motion due by 11/24/2020. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (Attachments: # 1 Exhibit A, Declaration of Forest Kelly)No proposed order.Motions referred to Molly H Cherry.(Prince, Marshall) (Attachment 1 replaced on 11/12/2020 per filing user) (cpeg, ). (Entered: 11/10/2020) |
| 11/10/2020 | 9 | CERTIFICATE OF SERVICE by Bryan K Dobbs re 8 MOTION for Summary Judgment (Prince, Marshall) (Main Document 9 replaced on 11/12/2020 per filing user) (cpeg, ). (Entered: 11/10/2020) |
| 11/12/2020 | 10 | **ROSEBORO ORDER directing clerk to forward summary judgment explanation to the opposing party and directing that party to respond in 31 days. Response due to 8 MOTION for Summary Judgment by 12/14/2020. Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Signed by Magistrate Judge Molly H Cherry on 11/12/2020. (cpeg, )** (Entered: 11/12/2020) |
| 11/12/2020 | 11 | ***DOCUMENT MAILED 10 Roseboro Order, placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 FCI Williamsburg P.O. Box 340 Salters, SC 29590 (cpeg, ) (Entered: 11/12/2020) |
| 12/14/2020 | 12 | RESPONSE in Opposition re 8 MOTION for Summary Judgment Response filed by Larone F Elijah.Reply to Response to Motion due by 12/21/2020 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. (Attachments: # 1 Supporting Documents, # 2 Certificate of Service, # 3 Envelope)(cpeg, ) (Entered: 12/14/2020) |
| 01/11/2021 | 14 | Case Reassigned to Judge Honorable Joseph Dawson, III. Judge Honorable Joseph F Anderson, Jr no longer assigned to the case. (glev, ) (Entered: 01/11/2021) |
| 01/13/2021 | 15 | ***DOCUMENT MAILED 14 Case Reassigned placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 FCI Williamsburg P.O. Box 340 Salters, SC 29590 (hada, ) (Entered: 01/13/2021) |
| 06/21/2021 | 17 | NOTICE of Change of Address by Larone F Elijah. Note: Address updated in ECF this date. (Attachments: # 1 Envelope)(cpeg, ) (Entered: 06/22/2021) |
| 07/29/2021 | 18 | **REPORT AND RECOMMENDATION of Magistrate Judge Molly H. Cherry. It is RECOMMENDED that Respondents Motion for Summary Judgment (ECF No. 8) be GRANTED and that the petition be DISMISSED. Objections to R&R due by 8/12/2021 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. Signed by Magistrate Judge Molly H Cherry on 07/29/2021. (cpeg, )** (Entered: 07/29/2021) |
| 07/29/2021 | 19 | ***DOCUMENT MAILED 18 REPORT AND RECOMMENDATION re 8 MOTION for Summary Judgment filed by Bryan K Dobbs, 1 Petition for Writ of Habeas Corpus filed by Larone F Elijah placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 COLEMAN LOW FEDERAL CORRECTIONAL INSTITUTION Inmate Mail/Parcels P.O. BOX 1031 COLEMAN, FL 33521 (cpeg, ) (Entered: 07/29/2021) |

**JA2**

| 08/12/2021 | 20 | OBJECTION to 18 Report and Recommendation by Larone F Elijah. Reply to Objections due by 8/26/2021 Add an additional 3 days only if served by mail or otherwise allowed under Fed. R. Civ. P. 6. (Attachments: # 1 Certificate of Service, # 2 Envelope)(cpeg, ) (Entered: 08/12/2021) |
| 08/23/2021 | 21 | **ORDER & OPINION: The Court adopts the Report and Recommendation (DE 18 ) and incorporates it herein, and grants Dobbs' motion for summary judgement. It is therefore ORDERED that Defendants motion for summary judgment (DE 8 ) isgranted; and therefore, Plaintiffs Complaint is dismissed. Further, it is ORDERED that a certificate of appealability is denied. Signed by Honorable Joseph Dawson, III on 08/23/2021.(cpeg, )** (Entered: 08/23/2021) |
| 08/23/2021 | 22 | SUMMARY JUDGMENT in favor of Bryan K Dobbs against Larone F Elijah. (cpeg, ) (Entered: 08/23/2021) |
| 08/23/2021 | 23 | ***DOCUMENT MAILED 21 Order on Motion for Summary Judgment, Order on Report and Recommendation, 22 Summary Judgment placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 COLEMAN LOW FEDERAL CORRECTIONAL INSTITUTION Inmate Mail/Parcels P.O. BOX 1031 COLEMAN, FL 33521 (cpeg, ) (Entered: 08/23/2021) |
| 09/21/2021 | 24 | NOTICE OF APPEAL as to 21 Order on Motion for Summary Judgment,, Order on Report and Recommendation, 22 Summary Judgment by Larone F Elijah. - Filing fee $ 505. The Docketing Statement form, Transcript Order form and CJA 24 form may be obtained from the Fourth Circuit website at www.ca4.uscourts.gov (Attachments: # 1 Envelope)(hcor, ) (Entered: 09/21/2021) |
| 09/21/2021 | 25 | Transmittal Sheet for Notice of Appeal to USCA re 24 Notice of Appeal, The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (hcor, ) (Entered: 09/21/2021) |
| 09/21/2021 | 26 | ***DOCUMENT MAILED 25 Transmittal Sheet for Notice of Appeal to USCA, placed in U.S. Mail from Charleston Clerks Office to Larone F Elijah 70214-056 COLEMAN LOW FEDERAL CORRECTIONAL INSTITUTION Inmate Mail/Parcels P.O. BOX 1031 COLEMAN, FL 33521 (hcor, ) (Entered: 09/21/2021) |
| 09/21/2021 | 27 | ASSEMBLED INITIAL ELECTRONIC RECORD TRANSMITTED TO FOURTH CIRCUIT COURT OF APPEALS re 24 Notice of Appeal, Electronic record successfully transmitted. (hcor, ) (Entered: 09/21/2021) |
| 11/23/2021 | 29 | ORDER of USCA as to 24 Notice of Appeal, filed by Larone F Elijah (cpeg, ) (Entered: 11/30/2021) |
| 09/06/2022 | 30 | ORDER of USCA as to 24 Notice of Appeal, filed by Larone F Elijah. The court appoints James Scott Ballenger to represent Larone Frederick Elijah on appeal. (apsn) (Entered: 09/06/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/03/2022 09:53:37 | | |
| **PACER Login:** | hmchaisson | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 9:20-cv-03040-JD |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**JA3**

*Front and Back copy.*

(PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 BY A PERSON IN STATE OR FEDERAL CUSTODY)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Larone F. Elijah )
#70214-056    Petitioner )
FCI Williamsburg )
P.O. Box 340, Salters, SC 29590 )
(Full name under which you were convicted; )
prison number; place of confinement; and )
full mailing address )
)
vs. )
)
Bryan K. Dobbs )
    Respondent(s) )
FCI Williamsburg )
P.O. Box 220 )
(Name of Warden or other authorized )
person having custody of petitioner) )
Salters, SC 29590 )

Civil Action No. 9:20-cv-3040-JFA-MHC
(to be assigned by Court)

Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2241

Read the instructions attached to this form before using this form. Also, read the entire petition form before filling it out. Answer all of the questions, placing a N/A for those questions which do not apply to your claim(s).

1.  This petition concerns: (Check applicable blank.)

    _____ a federal conviction

    _____ a federal sentence

    _____ pre-trial detention

    _____ parole

    _____ prison disciplinary action or other action resulting in loss of good-time credits

1

**JA4**

✓ sentence calculation or loss of sentence credits by prison

✓ other (explain briefly) _18 usc 3583(e)(3) is in Conflict with U.S. Haymond, 139 S.Ct 2369 (2019) due to S/R is a "criminal prosecution" and S/R time to be credited under 18 usc 3585(b)_

## BACKGROUND INFORMATION

2.   Your Place of Confinement (check applicable blank):

✓ federal prison

_____ state prison

_____ local jail or detention center

_____ mental health facility

_____ other (explain briefly) _____

_____

_____

3.   If you have been convicted and sentenced, provide the following information:

a. Name and location of court which imposed sentence: _U.S. District Court, E.D.N.C. Raleigh, N.C._

b. Criminal case number: _7:07-cr-10-D1_

c. Charge(s) on which you were convicted: _21 usc 841 (a)(1) (b)(1)(b), Possession with intent_

d. Your plea was (check one):

_____ not guilty

✓ guilty

_____ nolo contendere

e. If you were found guilty after a plea of not guilty, that finding was made by (check one):

_____ a jury

_____ a United States District Judge without a jury

_____ a United States Magistrate Judge without a jury

2

**JA5**

f. Date upon which sentence was imposed and the terms of the sentence: _____

_Oct. 25th, 2007, 108 Months, 5 Years Supervised Release - Revoked-Sentence to 36 Months_

4. If you are awaiting trial on criminal charges, provide the following information:

   a. Name and location of court in which charges are pending: _____

   _____ N|A _____

   _____

   b. Criminal case number: _____ N|A _____

   c. Charge(s) that are pending against you: _____ N|A _____

   _____

   d. Your attorney's name, address, and telephone number: _____

   _____ N|A _____

5. If you are detained in a mental health facility, provide the following information:

   a. How you were committed:

   _____ by a court for evaluation

   _____ by a court after being found not criminally responsible

   _____ involuntary civil commitment

   _____ other (explain briefly) _____ N|A _____

   _____

   b. When were you committed? _____ N|A _____

6. Are you presently represented by an attorney in any case(s) related to your imprisonment?

   _____ YES   ✓ NO

   If yes, explain what case(s) and list the name, address, and phone number of your attorney(s):

   _____

   _____

   _____

## PRIOR LEGAL ACTIONS CHALLENGING CONVICTION/SENTENCE

7. For federal prisoners, did you appeal the judgment of conviction or imposed sentence which you are currently serving?

3

**JA6**

✓ YES ____ NO

If yes, provide the following appellate court information:
a. Name of court: _USCA 4th Cir._
b. Case number: _15-4712 & 10-4299_
c. Date filed: _Nov. 16th, 2015 & mar. 15, 2010_
d. Result (affirmed, dismissed, still pending): _dismissed untimely (Both)_
e. Date of order giving result: _N/A_
f. Legal case citation or opinion number (if known): _N/A_

**Note:** If you filed more than one appeal, attach an additional sheet of the same size and give all the information requested in Question 7, a through f, for each appeal. On the continuation page, use number 7, a through f, to number your responses.

8.  For federal prisoners, have you filed a motion(s) under 28 U.S.C. § 2255 with respect to the challenged conviction(s) or sentence(s)?
    ____ YES  ✓ NO

If yes, provide the following information for each § 2255 motion:
a. Name of court: _N/A_

b. Case number: _____
c. Date filed: _____
d. Result (affirmed, dismissed, still pending): _____
e. Date of order giving result: _____
f. Case citation or opinion number (if known): _____

g. Grounds raised (list each one): _N/A_
_____
_____
_____
_____
_____

**Note:** If you filed more than one motion, attach an additional sheet of the same size and give all the information requested in Question 8, a through g, for each motion. On the continuation page, use number 8, a through g, to number your responses.

9.  For federal prisoners, if you did not file a motion under 28 U.S.C. § 2255, or if you filed a §2255 motion and it was denied, state why your remedy under § 2255 is inadequate or ineffective to test the legality of your detention. _N/A_
_____
_____
_____

4

**JA7**

_____
_____
_____
_____
_____

10. For federal prisoners, have you filed previous petitions for habeas corpus, or any other applications, petitions, or motions (other than § 2255) with respect to the challenged conviction(s) or sentence(s)?
_____ YES ✓ NO

If yes, provide the following information for each case or motion:
a. Type of case or motion: _____ N|A _____
b. Name of Court: _____
_____
c. Case number: _____
d. Date filed: _____
e. Result (affirmed, dismissed, still pending): _____
f. Date of order giving result: _____
g. Case citation or opinion number (if known): _____
_____
**Note:** If you filed more than one case or motion, attach an additional sheet of the same size and give all the information requested in Question 10, a through g, for each case or motion. On the continuation page, use number 10, a through g, to number your responses.

11. For federal prisoners, have you sought a certificate of appealability regarding denial of a motion under 28 U.S.C. § 2255, or petitions for habeas corpus, or any other applications, petitions, or motions with respect to the challenged conviction(s) or sentence(s)?
_____ YES _____ NO

If yes, give the following information for each request for certificate of appealability:
a. Name of Court: _____
b. Result: _____
c. Date of Result: _____
d. Citation or number of opinion: _____
**Note:** If you requested a certificate of appealability more than once, attach an additional sheet of the same size and give all the information requested in Question 11, a through d for each request. On the continuation page, use number 11, a through d, to number your responses.

## ADMINISTRATIVE PROCEEDINGS

12. If you are challenging a Federal Bureau of Prisons decision, did you file a request and appeal through all of the available procedures in the administrative remedy program?
✓ YES _____ NO

5

**JA8**

a.  If yes, did you seek an informal resolution of your complaint, the initial step under 28 C.F.R. § 542.13?
____YES ____NO

b.  If yes, did you file a formal Request(s) for Administrative Remedy (Form BP-9) concerning the BOP decision?
____YES ____NO

c.  If yes, did you file an Administrative Remedy Appeal (Form BP-10)?
____YES ____NO

d.  If yes, did you file a "final administrative appeal" under 28 C.F.R. § 542.15 concerning the BOP decision?
____YES ____NO

e.  If you answered no to any section of this question, explain why you did not use any available procedures in the remedy program: _____
_____
_____
_____
_____
_____

13.  If you are challenging a South Carolina Department of Corrections decision, did you file a request and appeal through all of the available procedures in the prisoner grievance system?
____YES ✓NO     N|A

a.  If yes, list the prisoner grievance procedures you pursued: _____
_____
_____N|A_____
_____
_____

b.  If no, explain why you did not use any available procedures in the prisoner grievance system:
_____
_____N|A_____
_____
_____

c.  Did you appeal the final decision of the South Carolina Department of Corrections to the South Carolina Administrative Law Court?
____YES ✓NO

d.  Explain why, if you answered no: _____N|A_____

6

**JA9**

e. Did you appeal the final decision of the South Carolina Administrative Law Court to the South Carolina Court of Appeals?
_____ YES ___／NO

f. Explain why, if you answered no: _____ N|A _____

g. Did you appeal the final decision of the South Carolina Court of Appeals to the South Carolina Supreme Court?
_____ YES ___／NO

h. Explain why, if you answered no: _____ N|A _____

14. If you are a prisoner challenging a parole revocation decision, complete the following:

a. Date of revocation decision: _____ N|A _____

b. Did you appeal the revocation decision?
_____ YES ___／NO

c. If yes, what appellate process did you pursue (i.e. what court filed in; result; if further appeal was filed):
_____ N|A _____

d. If you did not appeal the revocation, explain why you didn't appeal: _____
_____ N|A _____

## GROUNDS FOR HABEAS RELIEF

15. State concisely every ground on which you claim that you are being held unlawfully. Summarize **briefly** the **facts** supporting **each** ground. Conclusions that are not supported by

specific facts are insufficient. If necessary, attach additional pages to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

7

**JA10**

a. Ground One:

Under 18 USC 3585(b), B.O.P. incorrectly found the 14 Months Served in Case No. 7:07-cr-10-D1 from May 23rd 2014 - July 10th, 2015 on Supervised Release was not "official detention"

Supporting FACTS: (state briefly without citing cases or law.)

On June 26th, 2019, the U.S. Supreme Court found in US v. Haymond, 139 S. CT 2369 (2019) that S|R is a "Criminal prosecution" an accused final Sentence includes any S|R he may recieve. (cont)

Have you presented Ground One in a prior court action or administrative proceeding?

✓ YES ___ NO                    ↓
                         MEMORANDUM Attached

If yes, explain what court action or administrative proceeding, the result, and date of the result, including any appeals:

administrative, 8-9-10-11 / BOP process (see attached)!* Exhausted* (998351-FZ-R1-A1) See all Judgements & Sentencing computation, case Law *ATTACHED*

b. Ground Two:

Under 18 USC 3624(b), B.O.P. incorrectly found that under FSA retroactivity the 7 days to be "credited, could "NOT" in Case N° 7:07-cr-10-D-1 to the Earliest date of offense, 6|9|06, 63 days = 9X7 = 63 days (GCT)

Supporting FACTS:

On June 26th, 2019, the US Supreme Court found in U.S. v. Haymond, 139 S. CT 2369 (2019) that S|R is a "Criminal prosecution", I was Sentenced to revocation on 8|17|15 to 3 years. Also Aggregated to 4:15-cr-70-D-1 (cont)

Have you presented Ground Two in a prior court action or administrative proceeding? (108 Mon) Sentence.
✓ YES ___ NO                    MEMORANDUM ATTACHED ←

If yes, explain what court action or administrative proceeding, the result, and date of the result, including any appeals:

administrative, 8-9-10-11 / BOP process (see

8

**JA11**

attached)! *Exhausted* [998351-F2-R1-Ai]
See all Judgements & Sentencing computation,
Case Law * ATTACHED *

c. Ground Three:

18 USC 3583(e)(3) is in conflict with US v.
Haymond, 139 S.CT 2369 (2019), As 18 USC 3583
(e)(3), does not allow for time-Served on S/R to
be credited as "official detention under 18 USC 3585(b)

Supporting FACTS:

IN Haymond v. US 139 S.CT 2369 (2019)
found an "Accused final Sentence, S/R is a
"criminal prosecution" and includes any S/R he may
recieve whether revoked or Sustained. The 14 Months is (cont)
Official detention 3585(b)

Have you presented Ground Three in a prior court action or administrative proceeding?

✓ YES ___ NO                                    MEMORANDUM
                                                ATTACHED

If yes, explain what court action or administrative proceeding, the result, and date of the
result, including any appeals:

administrative, 8-9-10-11 / BOP process (see
Attached)! *Exhausted* [998351-F2-R1-Ai]
See all Judgements & Sentencing computation,
Case Law    * ATTACHED *

_____

_____

**RELIEF**

16.    Petitioner asks that the Court grant the following relief:

I ask for the 14 mos to be credited under 18 USC
3585(b) in Case № 7:07-cv-10-D1 & 4:15-cv-70-D-1
(Aggregate)(144 Months as "official detention & under 18 USC
3624(b), 63 days credit (GCT). I also ask that 18 USC
3583(e)(3) be invalidated due to it conflicts with
U.S. v. Haymond, 139 S.CT 2369 (2019) See Attached Brief

9

**JA12**

Petitioner also requests any other relief to which petitioner may be entitled in this proceeding.
(Money damages are not an available remedy in habeas corpus cases.)

I declare, certify, verify, and state **under penalty of perjury** that the foregoing is true and correct.

Signed this ___19___ day of ___August___, 20_20_.
　　　　　　　　(day)　　　　　　　　(month)　　　　　　　(year)

_____ #70214-056
Signature of petitioner

___N/A___
Signature of Attorney(if any)

Cert Mail Service
# 7016 3560 0000 5854 9603
(cont). MEMORANDUM ATTACHED

10

**JA13**

August 19th, 2020

Larone F. Elijah
# 70214-056
FCI Williamsburg          *cont.*
P.O. Box 340              28 U.S.C. 2241
Salters, SC 29590         MEMORANDUM OF
                                LAW

Clerk of Court
U.S.D.C., DSC
901 Richland Street
Columbia, S.C. 29201

Case No                    , Elijah v. Dobbs

Now Comes                   , pro se, in the
above captioned 28 USC 2241 Memorandum
of Law as to issues presented which
places his Sentence calculations by B.O.P.
in violation of the U.S. Constitution.

Jurisdiction

The Movant has paid the $5.00 filing fee
and is housed at FCI Williamsburg, Salters
S.C. within the district of S.C. and has

(1)

**JA14**

Sued the correct respondent, the Warden
Bryan K. Dobbs.

STANDING under Article III of the
U.S. Constitution. (Supervised Release Revoked)

MOVANT challenges that under his
final Sentence of 5 Years of Supervised
Release imposed as part of the original
Judgment, Upon revocation, the 14 mos
Served on Supervised Release under Haymond
v. US, 139 S.CT 2369 (2019)(finding an
"accused final Sentence, Supervised Release is
a "criminal prosecution" and includes any
Supervised Release he may recieve whether
revoked or Sustained. The 14 mos, after
Haymond is now "official detention" under
18 USC 3585(b). 18 USC 3583(e)(3) is in con-
flict with Haymond as it does not allow
time-Served on Supervised release to be credited.
In Haymond, Justice Gorsuch stated, Justice
Alito "The dissent asserts that "a Sentence
is imposed at final judgment, not again and
again every time a convicted criminal ...
Violates a condition of his release". Post, at
___, 204 L.Ed. 2d at 924 (opinion of Alito, J.

(2)

**JA15**

(citation omitted). But saying it does not make it so. As Johnson recognized, when a defendant is penalized for violating the terms of his Supervised Release, what the court is really doing is adjusting the defendants sentence for his original crime. Even the dissent recognizes that the "Sword of Damocles hangs over a defendant "everytime [he] wakes up to Serve a day of Supervised release". Post at _____, 204 L. Ed. 2d. at 924. The Movant as well under 18 USC 3624 (b) the B.O.P. incorrectly failed under FSA retroactivity to "credit the 7 days to the earliest date of offense. In these cases the instant offense and Supervised Release Revocation are consecutive and thus Aggregated into one Unitary Sentence. See Peyton v. Rowe, 391 US 54, 67 (1968) and U.S. v. Venable, 943 F.3d 187 (4th Cir 2019) (treating custodial and Supervised Release terms as components of one unified Sentence appropriately recognizes the interdependent relationship between incarceration and Supervised Release. The Movant is thus at all times in custody of either until All judgments are

(3)

**JA16**

are "Satisfied". The Movants term of Supervised Release has been revoked and Sentence imposed. The "irreducible constitutional minimum of standing" includes the requirement that the injury complained of by the litigant "be likely, as opposed to merely speculative." Lujan v. Defenders of Wildlife, 504 US 555, 560-61 (1992) The Movants Supervised Release is revoked and Sentence imposed. The injury is the B.O.P. in violation of Haymonds finding that Supervised Release is now a "criminal prosecution" and any "time-served upon that Sentence, the 14 mos, must be credited under 18 USC 3585(b) as it was Served "prior to the imposition of the Supervised Release Revocation proceeding and not credited to any other Sentence. The resulting Sentencing calculation must be made in a Manner consistent with Haymonds ruling that Supervised Release is a "criminal prosecution and thus 18 USC 3583(e)(3) must be "invalidated to allow Haymond to be applied. The Statute " Section 3583(e)(3) states in pertinent part: "The Court May, after considering the factors set forth in

(4)

**JA17**

Section 3553 (a)(4), ... (3) revoke a term of Supervised Release, and require the defendant to serve in prison all or part of the term of supervised Release authorized by statute for the offense that resulted in such term of Supervised Release "without credit for time-previously served on post-release supervision." Once the Supreme Court in Haymond found Supervised Release a "criminal prosecution", the time-previously served in this case 14, mos, the B.O.P. is required to calculate that time-served as a "credit to the Unitary Aggregated Sentences imposed, under 18 USC 3585(b)", as the credit 14, mos is not Applied to "Any other Sentence".

    Movant previously time-served upon his final Sentence of Supervised Release in Case N.° 7:07-cr-10-D-1 (E.D.N.C.) is now "official detention" under 18 USC 3585(b) due to its a "criminal prosecution. To apply the rule of law and allow the 14 mos to be calculated under 3585(b), 18 USC 3583(e)(3) must be "invalidated as it is in conflict with US v. Haymond, 139 S.CT 2369 (2019)

Respectfully,
ISI Law Ebyl

(5)

**JA18**

> **UNITED STATES OF AMERICA, Plaintiff - Appellee, v. BOBBY JUNIOR VENABLE, Defendant - Appellant.**
> **UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
> **943 F.3d 187; 2019 U.S. App. LEXIS 34497**
> **No. 19-6280**
> **October 30, 2019, Argued**
> **November 20, 2019, Decided**

**Editorial Information: Subsequent History**

On remand at, Motion denied by United States v. Venable, 2019 U.S. Dist. LEXIS 204770 (W.D. Va., Nov. 26, 2019)

**Editorial Information: Prior History**

{2019 U.S. App. LEXIS 1}Appeal from the United States District Court for the Western District of Virginia, at Danville. 4:97-cr-70070-JLK-1. Jackson L. Kiser, Senior District Judge.

**Disposition:**
VACATED AND REMANDED.

**Counsel**
ARGUED: Lisa M. Lorish, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.
Jennifer R. Bockhorst, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.
ON BRIEF: Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.
Thomas T. Cullen, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

**Judges:** Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

**CASE SUMMARY**Defendant was statutorily eligible for reduction of sentence under 18 U.S.C.S. § 3582(c)(1)(B), as authorized by First Step Act of 2018, where he had completed original sentence and was in prison after revocation of supervised release, because he was still serving sentence for "covered offense" for purposes of First Step Act.

**OVERVIEW:** HOLDINGS: [1]-The district court erred in finding defendant statutorily ineligible for a reduction of sentence under 18 U.S.C.S. § 3582(c)(1)(B), as authorized by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), on the ground that he had completed his original term of imprisonment and was currently in custody following revocation of supervised release, because defendant's original drug conviction under 21 U.S.C.S. § 841(a) fell within the First Step Act's definition of "covered offense," his offense was reclassified from a Class B felony to a Class C felony, and, given that the revocation sentence was part of the penalty for his initial offense, he was still serving his sentence for a "covered offense" for purposes of the First Step Act.

**OUTCOME:** Judgment vacated and remanded.

A04CASES                                     1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

Following *Johnson*'s reasoning, we adopted a **unitary sentence** framework in *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018), stating that "[t]reating custodial and supervised release terms as **{943 F.3d 194}** components of one unified sentence appropriately recognizes the interdependent relationship between incarceration and supervised release." But we had acknowledged this underlying understanding of how the components of a sentence operated for some time before *Ketter. E.g., United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of supervised release are all part of the original sentence."); *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) ("The sentence imposed upon revocation of a term of supervised release is an authorized **{2019 U.S. App. LEXIS 15}** part of the original sentence, just as the term of supervised release is an authorized part of the original sentence[.]").

A04CASES                                1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

**JA20**

The United States Supreme Court spoke directly to the question of whether a revocation sentence constitutes part of a defendant's original sentence in *Johnson v. United States*, 529 U.S. 694, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000), which resolved a circuit split over whether revocation and reimprisonment should be considered "punishment for the original offense." *Id.* at 699. In *Johnson*, the defendant challenged an additional term of supervised release imposed after he served prison time for violating the terms of his first release. He argued that the district court no longer had the authority to impose another period of supervised release once it revoked his original sentence. *Id.* at 698. The Supreme Court disagreed, determining the district court's{**2019 U.S. App. LEXIS 14**} authority to "revoke" as a "recall," rather than a "termination," of the original sentence. *Id.* at 706, 712. In its most recent term, a plurality of the Supreme Court reaffirmed the relevant conclusion of *Johnson* in *United States v. **Haymond***, 139 S. Ct. 2369, 2379-80, 204 L. Ed. 2d 897 (2019) ("[W]e . . . acknowledge that an accused's final sentence includes any supervised release sentence he may receive. Nor in saying that do we say anything new: This Court has already recognized that supervised release punishments arise from and are treated . . . as part of the penalty for the initial offense.").

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

**JA21**

---

**UNITED STATES, Petitioner v. ANDRE RALPH HAYMOND**
**SUPREME COURT OF THE UNITED STATES**
**139 S. Ct. 2369; 204 L. Ed. 2d 897; 2019 U.S. LEXIS 4398; 27 Fla. L. Weekly Fed. S 1079**
**No. 17-1672.**
**June 26, 2019, Decided**
**February 26, 2019, Argued**

---

**Notice:**

**The LEXIS pagination of this document is subject to change pending release of the final published version.**

**Editorial Information: Prior History**

**{2019 U.S. LEXIS 1}**ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUITUnited States v. Haymond, 869 F.3d 1153, 2017 U.S. App. LEXIS 16747 (10th Cir. Okla., Aug. 31, 2017)

**Disposition:**
869 F. 3d 1153, vacated and remanded.Summary

SCTHOT                                         1

© 2020 Matthew Bender & Company, inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

To the contrary, we recognized in *Apprendi* and *Alleyne*, a ``**criminal prosecution**'' continues and the defendant remains an ``accused'' with all the rights provided by the Sixth Amendment, until a final sentence is imposed. See *Apprendi*, 530 U. S., at 481-482, 120 S. Ct. 2348, 147 L. Ed. 2d 435.

Today, we merely acknowledge that an accused's final sentence includes any supervised release sentence he may receive. Nor in saying that do we say anything new: This Court has already recognized that supervised release punishments {**139 S. Ct. 2380**} arise from and are ``treat[ed] . . . as part of the penalty for the initial offense.'' *Johnson* v. *United States*, 529 U. S. 694, 700, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000). The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime. As at the initial sentencing hearing, that does not mean a jury must find every fact{**2019 U.S. LEXIS 22**} in a revocation hearing that may affect the judge's exercise of discretion within the range of punishments authorized by the jury's verdict.

SCTHOT                                             1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

**JA23**

(b) The government's various replies are unpersuasive. First, it stresses that *Alleyne* arose in a different procedural posture, but this Court has repeatedly rejected efforts to dodge the demands of the Fifth and Sixth Amendments by the simple expedient of relabeling a **criminal prosecution**. And this Court has already recognized that punishments for revocation of supervised release arise from and are ``treat[ed] . . . as part of the penalty for the initial offense.'' *Johnson* v. *United States*, 529 U. S. 694, 700, 120 S. Ct. 1795, 146 L. Ed. 2d 727.

lecases                                                   1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

The dissent asserts that ``a sentence is 'imposed' at final judgment, not again and again every time a convicted criminal . . . violates a condition of his release." *Post*, at ___, 204 L. Ed. 2d, at 924 (opinion of Alito, J.) (citation omitted). But saying it does not make it so. As *Johnson* recognized, when a defendant is penalized for violating the terms of his supervised release, what the court is really doing is adjusting the defendant's sentence for his original crime. Even the dissent recognizes that the **sword of Damocles** hangs over a defendant ``every time [he] wakes up to serve a day of supervised release." *Post*, at ___, 204 L. Ed. 2d, at 924.

SCTHOT                                  1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

## § 3585.  Calculation of a term of imprisonment

**(a) Commencement of sentence.**   A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.**   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

   **(1)** as a result of the offense for which the sentence was imposed; or

   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

**HISTORY:**
Added Oct. 12, 1984, P. L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 2001.

USCS                                                1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

**(e) Modification of conditions or revocation.** The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [18 USCS § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)]—

**(1)** terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

**(2)** extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

**(3)** revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or

**(4)** order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.

**(f) Written statement of conditions.** The court shall direct that the probation officer provide the defendant with a written statement that sets forth all the conditions to which the term of supervised release is subject, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required.

USCS                                                    1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

70214056

**JA27**

WIL 1330.13A
Administrative Remedy
October 17, 2006

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement 1330.13, <u>Administrative Remedy Program</u>, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to the filing a formal written complaint. This form will be used to document your efforts toward informally resolving your grievance.

Inmate Name: <u>Larone Elijah</u>    Reg. No.: <u>70214-056</u>    Unit: 1BL

Specific Complaint and Requested Relief: <u>In case#7:07-cr-10-D, I was sentenced to 5yrs S/R as part of the sentence. I spent from May 14,2014-July 10,2015 (14 months)on S/R until revoked. On June 26,2019, the Supreme Ct. found in US v Haymond, 139 S.Ct 1826(2019), that S/R is a criminal prosecution "an accused final sentence includes any S/R he may received". This is now "official detention". I ask that the (14 months) be credited. I was sentenced to revocation on 8/17/2015 to 3yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D.</u>

<u>cc: inmate#70214-056</u>

Efforts Made by Inmate to Informally Resolve Grievance (be specific):

_____

_____

_____

_____

_____

_____

_____

Comments: _____

_____

_____

_____

_____

_____

_____

_____ 11/18/19 _____ Hunter, T /A.Hunter 11/18/19
**Correctional Counselor Review / Date**    **Unit Manager Review / Date**

_____ 10/23/2019
Inmate Signature / Date

**JA28**

**FEDERAL CORRECTIONAL INSTITUTION**
**WILLIAMSBURG, SOUTH CAROLINA**
**PART B - RESPONSE TO REQUEST FOR INFORMAL RESOLUTION ATTEMPT**

**Elijah, Larone**
**Reg.  No. 70214-056**
**UNIT: Unit 1**

This is in response to your Request for Administrative Remedy, dated October 23, 2019, in which you claim that your time computation is incorrect.

US vs Haymon was an inmate whom was convicted of drug charges and sex offense and is arguing about his revocation sentence of 5 years, violated revocation because he downloaded child porn.  .

You are wanting time applied to your sentence as jail credit for being under supervised release; that is not official detention.  He will not receive any of it. You should read 18:3585 (b) and PS 5880.58 page 1-14F for more information about "official detention"..

Therefore your request for an informal resolution is denied. If you are not satisfied with this decision, you may appeal to the Warden on an Administrative Remedy Form BP-229.

_____
Counselor

_____
Date   11/18/19

_____
Unit Manager   Hunter, J.

_____
Date   11/18/19

**JA29**

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Larone Elijah | 70214-056 | 1BL FCI Williamsburg |
|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST :** I do not agree with the response [see attached BP-8]. And I fully adopt & again incorporate herein, respectfully. In case#7:07-cr-10-D, I was sentenced to 5yrs S/R as part of the original sentence. I spent from May 14,2014 - July 10,2015 (14months) on S/R until revoked. On June 26,2019, the S.Ct found in US v. Haymond, 139 S.Ct 1826 (2019), that S/R is a criminal prosecution "an accused final sentence includes any S/R he may receive". I was sentenced to revocation on 8/17/2015 to 3yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D. REJECTION RESUBMITTION: 11/26/2019 WITH MORE CLARITY; my BP-9 was filed concerning my 14 months served on S/R. In the BP-8 response to Haymond's application the BOP stated it applied to 3583(k) invalidation only. The S.Ct in Haymond also found that "an accused final sentence includes any S/R/ sentence he may receive". The effect of that holding was clarified in US v. Venable #19-6280 (4th.cir.2019)[11/20/2019] clearly shows the response of the BP-8 response was incorrect , it's other holding that I request credit under due to the 14 months pursuant to the 5 years S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict. As you will see, the Venable case is a drug case and it will apply to any case that S/R has been imposed.

| 11/19/2019 Resubmit Date:11/26/2019 | /s/ *Lorone Elijah* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 998351-F2

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____          _____
DATE                             RECIPIENT'S SIGNATURE (STAFF MEMBER)

**JA30**

REQUEST FOR ADMINISTRATIVE REMEDY
Part B - Response

Admin. Remedy Case #: 998351-F2

This is in response to your Request for Administrative Remedy,
dated November 19, 2019, in which you claim that Supervised
Release is official detention. Specifically, you are requesting
credit for being on Supervised Release from May 14, 2014 through
July 10, 2015.

Program Statement 5880.28, Sentence Computation Manual, dated
February 14, 1997, page 1-24A, section c, states in part: "Time
spent serving a term of probation is not official detention as
to a sentence of imprisonment."

Accordingly, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to
the Regional Director at Bureau of Prisons, Southeast Regional
Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta,
Georgia, 30331-6226. Your appeal must be received in the
Regional Office within 20 calendar days of the date of this
response.

_____          12/13/19
Bryan K. Dobbs, Warden                  _____
                                        Date

LARONE FREDRICK ELIJAH, 70214-056
WILLIAMSBURG FCI    UNT: UNIT 1    QTR: A03-105U
P.O. BOX 220
SALTERS,  SC 29590

RECEIVED

MAY 0 7 2020

BY:

U.S. Department of Justice                **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From:    Larone Elijah            70214-056           1BL   FCI Williamsburg

        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL :** I do not agree with the responses in the BP-8 of BP-9, and I fully adopt & again incorporate herein, respectfully. In case #7:07-cr-10-D, I was sentenced to 5 yrs S/R as part of the original sentence. I spent from 5/14/2014 - July 10 2015 (14) months on S/R until revoked. On June 26,2019, the S.Ct found in US v. Haymond 139 S.Ct 1826 (2019), that S/R is a criminal prosecution " an accused final sentence includes any S/R he may receive". I was sentenced to revocation on 8/17/2015 to 3 yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D. REJECTION RESUBMISSION: 11/26/2019 WITH MORE CLARITY; my BP-9 was a now being filed concerning my (14) months served on S/R. In the BP-8 & now BP-9 responses to Haymond's application the BOP stated it only applied to 3583(k) invalidation only. The S.Ct in Haymond also found "that an accused final sentence includes any S/R sentence he may receive". The effect of that holding was clarified in US v. Venable #19-6280 (4th.cir. 2019)[11/20/2019] clearly showing the response given in the BP-8 & BP-9 was incorrect, it's other holding that I request credit under due to the (14) months pursuant to the 5 yrs S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict. As you will see, the Venable case is a drug case and it will apply to any case that S/R has been imposed.[See BP-8 Rejection BP-9 response by BOP attached] [4 copies of each]. "This is NOW "official detention" after Haymond's substantive ruling."

12/17/2019                 /s/ _Larone Elijah_

      DATE                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**



      DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _998351-R1_

**Part C - RECEIPT**

                                                    CASE NUMBER: _____

Return to: _____

       LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____

      DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                             BP-230(13)

Regional Administrative Remedy Appeal No. 998351-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted December 19, 2019. You are appealing the Warden's response to your institution Administrative Remedy wherein you allege time spent of supervised release should be applied as jail credit because it is considered "official detention." You further request to be awarded your 7 days Good Conduct Time credit (GCT) from your original sentence.

An investigation into this matter reveals you were sentenced to a term of 180 months imprisonment in U.S. District Court, Eastern District of North Carolina, for Possession with Intent to Distribute Cocaine Base. You were released from that term of imprisonment on May 23, 2014. You violated the terms of your Supervised Release and were sentenced 36 months imprisonment. In accordance with Program Statement 5880.28, <u>Sentence Computation Manual (CCCA OF 1984)</u>, "A revocation of a term of supervised release cannot begin to run, or commence, any earlier than the date on which it is revoked. A supervised release revocation term, for calculation purposes, shall be treated the same as any other NL [New Law] sentence and may be aggregated with other NL [New Law] sentences following the same aggregation policy as discussed" previously in the manual." Conversely, your sentences cannot be aggregated because they were imposed and served prior to the new term of imprisonment being imposed. Therefore, the original term of imprisonment is not taken into account with relation to Good Time Credits (GTC) as part of the First Step Act. Your sentence computation was reviewed and updated by the Designation & Sentence Computation Center in accordance with the First Step Act on March 17, 2020. Your projected release date is now September 21, 2025.

In accordance with Program Statement 5880.28, <u>Sentence Computation Manual</u>, Page 1 – 14G, <u>Reno V. Koray,</u> 115 S.Ct 2021 (1995), the U.S. Supreme court held the time spent under restrictive **conditions of release** was not official detention entitling an inmate to prior custody time under 18 U.S.C. § 3585(b). The court found the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prison interpretation that a defendant is **either released** (with no credit for time under conditions of release) **or detained** (with credit for time in official detention.) Therefore, the Koray decision means the time spent as a result of a condition of bond or release on own recognizance is not creditable to the service of the subsequent sentence. Furthermore, according to Program Statement 5880.28, <u>Sentence Computation Manual (CCCA OF 1984)</u>, "...**a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**" As such, all applicable jail credit has been awarded in accordance with policy and statutes.

Accordingly, your Regional Administrative Remedy is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, DC, 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

4/20/2020
_____
Date

_____
Regional Director, SERO

**JA34**



LARONE FREDRICK ELIJAH, 70214-056
WILLIAMSBURG FCI    UNT: UNIT 1    QTR: A03-105U
P.O. BOX 220
SALTERS,  SC 29590

RECEIVED

AUG 0 4 2020

BY:

Cert Mail Service

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

7016 3560 0000 5854 7326

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Larone F. Elijah | 70214-056 | 1BL FCI Williamsburg |
|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT      INSTITUTION |

**Part A - REASON FOR APPEAL**: I do not agree with the responses in the [BP-8,9,10]. And I fully adopt & again incorporate herein, respectfully. In case#7: 07-cr-10-D1, I was sentenced to 5 years S/R as part of the original sentence. I spent from 5/14/2014 - 7/10/2015 (14 months) on S/R until revoked. On 6/26/2019, the S.Ct found in US v Haymond, 139 S.Ct 2319 (2019), that S/R is a criminal prosecution, "an accused final sentence includes any S/R he may receive". I was sentenced for revocation on 8/17/2015 to 36 months consecutive to any other sentence. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D1. In the BP-8,9,10 responses to Haymond's application concerning my (14) months served on S/R the FBOP stated it only applied to 3583(k) invalidation only. The S.Ct in Haymond also found "that an accused final sentence includes ANY S/R sentence he may receive". The effect of that holding was clarified in US v. Venable#19-6280 4th. circuit 11/20/2019, clearly showing the responses from FBOP in the BP-8,9,10 was incorrect, it's other holding that I request credit under due to the (14) months pursuant to the 5 years S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict with that ruling. As you will also see the Venable case is a drug case and Haymonds ruling will apply to any case that S/R has been imposed. [See BP-8,9,10 responses by FBOP attached][4 copies each]."This is NOW "official detention"after Haymond's substantive ruling.  /s/  Larone Elijah

DATE 5/7/2020  May 7th, 2020          /s/          SIGNATURE OF REQUESTER

*(handwritten left margin:)* (4) copies of each of 10 responses minus

**Part B - RESPONSE**

| DATE | GENERAL COUNSEL |
|---|---|
| | CASE NUMBER: 998351-A1 |

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

UPN LVN

BP-231(13)
JUNE 2002

**JA36**

Administrative Remedy No. 998351-A1
Part B — Response

This is in response to your Central Office Administrative Remedy
Appeal, wherein you contend that under the First Step Act of
2018 (FSA), you are eligible for additional Good Conduct Time
(GCT) credit toward a previously served term of confinement.
You specifically request the Bureau of Prisons (Bureau) to apply
7 days GCT toward your current term of imprisonment.

A review of your record revealed on October 25, 2007, the United
States District Court for the Eastern District of North Carolina
sentenced you to a 108-month term of imprisonment for Possession
With Intent to Distribute More Than 5 Grams of Cocaine Base, a
Quantity of Cocaine, a Quantity of Heroin, and a Quantity of
Methylenedioxymethamphetamine, case number 7:07-CR-10-1-D.
You earned a total of 399 days GCT credits during the service of
this sentence.  You released from this sentence on May 23, 2014,
with 5-years supervision.

On June 11, 2015, you were arrested by North Carolina state
authorities for Trafficking Cocaine (x2), case number 15CR54389,
and Possession With Intent to Sell and Deliver Schedule I
Controlled Substance, Possession With the Intent to Manufacture,
Sell, or Deliver Heroin, and Maintaining a Vehicle, Dwelling, or
Place for Controlled Substances, case number 15CR54390. On
June 18, 2015, you released from state custody via bond, and
state charges remained pending.  On July 10, 2015, you were
arrested by the United States Marshals Service (USMS) for
Supervised Release Violation in case number 7:07-CR-10-1-D.  In
addition to new charges for Possession With the Intent to
Distribute a Quantity of Cocaine, A Quantity of Heroin, and a
Quantity of 3, 4-Methlylenediocy-N-ethylcathinone in case number
4:15-CR-70-1-D.

On August 17, 2015, the United States District Court for the
Eastern District of North Carolina sentenced you to an 36-month
term of imprisonment for a Supervised Release Violation, case
number 7:07-CR-10-1D.  On November 24, 2015, Pitt County, North
Carolina dismissed state charges in lieu of federal prosecution
in case numbers 15CR54389, and 15CR54390.  On March 7, 2017, the
United States District Court for the Eastern District of North
Carolina imposed an additional 108-month term of imprisonment
for Possession With the Intent to Distribute a Quantity of
Cocaine, A Quantity of Heroin, and a Quantity of 3, 4-
Methylenediocy-N-ethylcathinone.  The respective judgment was
ordered to run consecutive to any other sentence imposed.

**JA37**

Administrative Remedy No. 998351-A1
Part B - Response
Page 2

Therefore, the Bureau computed a 144-month aggregate term of
imprisonment.

On March 17, 2020, the Bureau computed your sentence computation
to reflect 54 days of GCT credits earned pursuant to the FSA.
You have currently earned 216 days GCT, and projected to earn
648 days.  Your projected release date is September 21, 2025.

Accordingly, the provisions of the new law took effect on
July 19, 2019.  The changes made to the GCT earnings were made
retroactive, but applicable only to sentences not yet satisfied
as of July 19, 2019; therefore any sentence satisfied prior to
the effective date of the FSA is not eligible to receive
additional GCT credits. You released from your prior federal
sentence before the enactment of the FSA.

Your sentence has been computed as directed by federal statute,
and Bureau of Prisons Program Statement 5880.28, Sentence
Computation Manual (CCCA of 1984).

Accordingly, your appeal is denied.


_____                    _____
Date                                       Ian Connors, Administrator
                                           National Inmate Appeals

```
    WILH3. 540*23 *         SENTENCE MONITORING         *      08-05-2020
PAGE 001        *          COMPUTATION DATA            *      13:17:01
                             AS OF 08-05-2020


REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


FBI NO...........: 538647PA5         DATE OF BIRTH: 02-06-1976  AGE:  44
ARS1.............: WIL/A-DES
UNIT.............: UNIT 1               QUARTERS.....: A03-105U
DETAINERS........: NO                   NOTIFICATIONS: NO

HOME DETENTION ELIGIBILITY DATE: 03-21-2025

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-21-2025 VIA GCT REL


--------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION..........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER..................: 7:07-CR-10-1D
JUDGE..........................: DEVER
DATE SENTENCED/PROBATION IMPOSED: 10-25-2007
DATE SUPERVISION REVOKED........: 08-17-2015
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED.................: 09-14-2015
HOW COMMITTED..................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED..............: NO


            FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00      $00.00        $00.00        $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO    AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  409     21:841 & 846 SEC 841-851
OFF/CHG: 21:841(A)(1) POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN 5
         GRAMS OF COCAINE BASE, A QUANTITY OF COCAINE, A QUANTITY OF
         HEROIN, AND A QUANTITY OF METHYLENEDIOXYMETHAMPHETAMINE

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
 DATE OF OFFENSE................: 06-09-2006




 G0002      MORE PAGES TO FOLLOW . . .
```

**JA39**

```
    WILH3·  540*23 *         SENTENCE MONITORING       *    08-05-2020
PAGE 002        *           COMPUTATION DATA          *    13:17:01
                            AS OF 08-05-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


----------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER...................: 4:15-CR-70-1-D
JUDGE...........................: DEVER
DATE SENTENCED/PROBATION IMPOSED: 03-07-2017
DATE COMMITTED..................: 03-10-2017
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  381    21:841 SCH II NARCOTIC
OFF/CHG: 21:841(A)(1), 21:841(B)(1)(C) POSSESSION WITH THE INTENT TO
         DISTRIBUTE A QUANTITY OF COCAINE, A QUANTITY OF HEROIN & A
         QUANTITY OF 3,4-METHLYLENEDIOCY-N-ETHYLCATHINONE

SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
SENTENCE IMPOSED/TIME TO SERVE.:   108 MONTHS
TERM OF SUPERVISION............:    3 YEARS
RELATIONSHIP OF THIS OBLIGATION
 TO OTHERS FOR THE OFFENDER....: 030 CS 020
DATE OF·OFFENSE................: 06-11-2015




G0002       MORE PAGES TO FOLLOW . . .
```

```
   WILH3' 540*23 *           SENTENCE MONITORING        *    08-05-2020
PAGE 003        *            COMPUTATION DATA           *    13:17:01
                              AS OF 08-05-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


------------------------CURRENT COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-17-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-13-2017 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010

DATE COMPUTATION BEGAN..........: 08-17-2015
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............: 144 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:  12 YEARS
AGGREGATED TERM OF SUPERVISION..:   3 YEARS
EARLIEST DATE OF OFFENSE........: 06-09-2006

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    06-11-2015     06-18-2015
                                    07-10-2015     08-16-2015


TOTAL PRIOR CREDIT TIME.........: 46
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 648
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 09-21-2025
TWO THIRDS DATE.................: 07-02-2023
EXPIRATION FULL TERM DATE.......: 07-01-2027
TIME SERVED.....................:    5 YEARS       1 MONTHS       4 DAYS
PERCENTAGE OF FULL TERM SERVED..: 42.4
PERCENT OF STATUTORY TERM SERVED: 49.8
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

**JA41**

```
   WILH3' 540*23 *          SENTENCE MONITORING        *    08-05-2020
PAGE 004 OF 004 *             COMPUTATION DATA          *    13:17:01
                              AS OF 08-05-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


PROJECTED SATISFACTION DATE.....: 09-21-2025
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 3-14-17 RCVD 2ND SENT 030 CS TO 020 C/JLJ;
                03/17/2020 FSA GCT UPDATE- 4/CLW.
```

```
   G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
     WILH3  542*22 *          SENTENCE MONITORING       *      08-05-2020
   PAGE 001 OF 001 *            GOOD TIME DATA          *      13:17:25
                             AS OF  08-05-2020

   REGNO...: 70214-056   NAME: ELIJAH, LARONE FREDRICK
   ARS 1...: WIL A-DES                                     PLRA
   COMPUTATION NUMBER..: 020                     PRT   ACT DT:
   LAST UPDATED: DATE.: 03-17-2020        FACL..: DSC    CALC: AUTOMATIC
   UNIT................: UNIT 1           QUARTERS............: A03-105U
   DATE COMP BEGINS....: 08-17-2015       COMP STATUS.........: COMPLETE
   TOTAL JAIL CREDIT...: 46               TOTAL INOP TIME.....: 0
   CURRENT REL DT......: 10-04-2026 SUN   EXPIRES FULL TERM DT: 07-01-2027
   PROJ SATISFACT DT...: 09-21-2025 SUN   PROJ SATISF METHOD..: GCT REL
   ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
   DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:
   GED PART STATUS.....:                  DEPORT ORDER DATED..:


   ------------------------GOOD CONDUCT TIME AMOUNTS------------------------

      START      STOP     MAX POSSIBLE TO    ACTUAL TOTALS   VESTED    VESTED
       DATE      DATE     DIS   FFT      DIS   FFT      AMOUNT     DATE
     07-02-2015 07-01-2016   54    54
     07-02-2016 07-01-2017   54   108
     07-02-2017 07-01-2018   54   162
     07-02-2018 07-01-2019   54   216
     07-02-2019 07-01-2020   54   270
     07-02-2020 07-01-2021   54
     07-02-2021 07-01-2022   54
     07-02-2022 07-01-2023   54
     07-02-2023 07-01-2024   54
     07-02-2024 07-01-2025   54
     07-02-2025 07-01-2026   54
     07-02-2026 07-01-2027   54


       TOTAL EARNED AMOUNT.........................................:    270
       TOTAL EARNED AND PROJECTED AMOUNT...........................:    648




   G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

**JA43**

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| LARONE FREDERICK ELIJAH | Case Number: 4:15-CR-70-1-D |
| | USM Number: 70214-056 |
| | Brian M. Aus (stand-by counsel) |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), | Possession With the Intent to Distribute a Quantity of | 6/11/2015 | 1 |
| 21 U.S.C. § 841(b)(1)(C) | Cocaine, a Quantity of Heroin, and a Quantity of | | |
| | 3,4-Methlylenediocy-N-ethylcathinone | | |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/7/2017
Date of Imposition of Judgment

Signature of Judge

James C. Dever III, Chief United States District Judge
Name and Title of Judge

3/7/2017
Date

Case 4:15-cr-00070-D    Document 116    Filed 03/07/17    Page 1 of 6

**JA44**

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT: LARONE FREDERICK ELIJAH
CASE NUMBER: 4:15-CR-70-1-D

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1 - 108 months and shall run consecutively to any other sentence imposed

The court orders that the defendant provide support for all dependents while incarcerated.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant receive the 500 hour Intensive substance abuse treatment program, and vocational and educational training opportunities. The court recommends that he serve his term in FCI Butner, NC.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at   _____ ☐ a.m. ☐ p.m.   on   _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on   _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**JA45**

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page  3  of  6

DEFENDANT: LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Count 1 - 3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**JA46**

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
          Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: LARONE FREDERICK ELIJAH
CASE NUMBER: 4:15-CR-70-1-D

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall support his dependent(s).

**JA47**

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page 5 of 6 |
|---|---|

DEFENDANT: LARONE FREDERICK ELIJAH
CASE NUMBER: 4:15-CR-70-1-D

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:15-cr-00070-D   Document 116   Filed 03/07/17   Page 5 of 6

**JA48**

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:  LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance        ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐   Payment to begin immediately (may be combined with        ☐ C,    ☐ D, or    ☐ F below); or

C    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☑   Special instructions regarding the payment of criminal monetary penalties:

      The special assessment in the amount of $100.00 shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
Southern Division
DOCKET NO. 7:07-CR-10-1D

| | | |
|---|---|---|
| United States Of America | ) | **JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Larone Frederick Elijah | ) | |

On October 25, 2007, Larone Frederick Elijah appeared before the Honorable James C. Dever III, Chief U.S. District Judge in the Eastern District of North Carolina, and upon an earlier plea of guilty to 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute More Than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine, was sentenced to 108 months imprisonment, and 60 months supervised release.

From evidence presented at the revocation hearing on August 17, 2015, the court finds as a fact that Larone Frederick Elijah, who is appearing before the court with counsel, has violated the terms and conditions of the judgment as follows:

1. Criminal conduct.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 36 months.

**IT IS RECOMMENDED** that the defendant serve this sentence at FCI Bennettsville, SC, and receive vocational training and the 500 hour drug treatment program while incarcerated.

**IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

This the 17th day of August, 2015

James C. Dever III
Chief U.S. District Judge

*STF 11/8/2007*
*31813 JC*

Case 7:07-cr-00010-D   Document 32   Filed 10/25/2007   Page 1 of 6

🖎AO 245B   (Rev. 12/03) Judgment in a Criminal Case
NCED   Sheet 1

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ North Carolina

UNITED STATES OF AMERICA   |   **JUDGMENT IN A CRIMINAL CASE**
**v.**

LARONE FREDRICK ELIJAH   |   Case Number: 7:07-CR-10-1-D

USM Number: 70214-056

Robert E. Nunley
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute More Than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine | 6/9/2006 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Sentencing Location:
Raleigh, NC

10/25/2007
Date of Imposition of Judgment

_Signature of Judge_

James C. Dever III, U.S. District Judge
Name and Title of Judge

10/25/2007
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
NCED    Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Count 1 - 108 months**

☑  The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant receive intensive substance abuse treatment and vocational and educational training opportunities.   The court recommends that he serve his term in FCI, Bennettsville, SC or as close as possible to New Hanover County, NC.**

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____ ☐ a.m.  ☐ p.m.   on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before     p.m. on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Count 1 - 5 years**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**JA53**

AO 245B
NCED
(Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Case 7:07-cr-00010-D    Document 32    Filed 10/25/2007    Page 4 of 6

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

Judgment — Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED        Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| TOTALS | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

　☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**JA55**

AO 245B    Case 7:07-cr-00010-D    Document 32    Filed 10/25/2007    Page 6 of 6
NCED    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

|  | Judgment — Page __6__ of __6__ |

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

         ☐  not later than _____ , or
         ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
         _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
         term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
         imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

         The special assessment in the amount of $100.00 shall be due immediately.


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

         Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
         and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

August 19th, 2020

Elijah v. Dobbs

clerk, Hope you're well today. I'm fine

Enclosed are 45 pages for the 2241

( The Application is 5 pages front & Back

The $5.00 filing fee is Sent.

RECEIVED
USDC CLERK, COLUMBIA, SC
2020 AUG 21  PM 2:26

Date:   08/17/2020                                                              Location: WIL
Time:   09:19:17 AM

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF PRISONS

### Request for Withdrawal of Inmate's Personal Funds

WIL-A-B, 70214056 - ELIJAH, LARONE

| Encumbrance No.:  2896 |
| --- |

Please charge to my account the sum of **$5.00** and authorize the same to be paid to:

**Contact/FMIS Certification Address**
U S D C, Clerk
PO BOX 2317
FLORENCE
SC 29503
United States

*verification of money sent. to CLERK.*

Purpose:  Bills
Check Memo:  2241 Payment/Elijah v. Dobbs

_____                    70214056 - ELIJAH, LARONE
(Signature of Inmate)                               _____
                                                    (Inmate Register No./Name)


_____
(Signature of Approving Official)


_____                    _____
(Signature of Deposit Fund Tech)                    (Payment #)

The inmate's personal account has been charged in the amount indicated above.

BP - 199.045 - Jan 2008

**JA58**

CERTIFIED MAIL

7016 3560 0000 5854 9603

Clerk, U.S. District Court
901 Richland Street
Columbia, S.C. 29201

RECEIVED
USDC CLERK, COLUMBIA, SC
2020 AUG 21 PM 12:26

1:20-cv-03040-JD    Date Filed 08/24/20

Tarone F. Elijah
#70214-056
F.C.I. Williamsburg
P.O. Box 340
Salters, SC 29590

ITEM X RAYED BY
USP SC
CSD 8/21/20

PRIORITY MAIL
TRACKED
INSURED
UNITED STATES POSTAL SERVICE
For Domestic and International Use
Label 107R, May 2014

Legal Mail



9:20-cv-03040-JD    Date Filed 08/24/20    Entry Number 1-3    Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larone F. Elijah, | ) C/A No.: 9:20-3040-JFA-MHC |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Bryan K. Dobbs, | ) |
| | ) |
| Respondent. | ) |

## MOTION FOR SUMMARY JUDGMENT

COMES NOW the Respondent, by and through Peter M. McCoy, United States Attorney and the undersigned Assistant United States Attorney, and motions the court pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, for summary judgment as the Respondent is entitled to judgment. The basis of this motion is that the petition fails to state a claim for which relief may be granted. This motion is further explained in the attached Memorandum in Support.

## MEMORANDUM IN SUPPORT OF MOTION

### I.    STATEMENT OF THE CASE

Petitioner Larone F. Elijah, Federal Register Number 70214-056, is an inmate designated by the Federal Bureau of Prisons ("BOP") to serve his sentence at the Federal Correctional Institution ("FCI") Williamsburg, in Salters, South Carolina. *[Respondent'sExhibit A, Declaration of Forest Kelly].*

Mr. Elijah brings this action pursuant to 28 U.S.C. § 2241, seeking credit for time during which he was on Supervised Release, as well as the application of additional Good Conduct Time credit toward his sentence. *[ECF No. 1, 1-1].* A review of Mr. Elijah's BOP administrative remedy history reveals that he fully exhausted administrative remedies through all three levels before filing

**JA61**

the instant petition. *[Respondent's Exhibit A, Attachment 7, Administrative Remedy No. 998351]*.

## II.    SUBJECT MATTER JURISDICTION

A petition for habeas corpus under 28 U.S.C. § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*)). Specifically, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has been resorted to only in limited situations—such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

## III.    STATEMENT OF THE FACTS

On October 25, 2007, Mr. Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, Case Number 7:07-CR-10-1-D, to a 108-month term of confinement and a 5-year term of Supervised Release for Possession with Intent to Distribute More than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine. *[Respondent's Ex. A, Attachment #1, Judgment in a Criminal Case, Case No. 7:07-CR-10-1D, E.D. N.C.]*.

Mr. Elijah satisfied the 108-month sentence on May 23, 2014, and was released from BOP custody. His 5-year term of Supervised Release commenced on May 23, 2014. *[Respondent's Ex.*

2

**JA62**

*A, Attachment #2, SENTRY Public Information Inmate Data, and Presentence Investigation Report][1]*.

On June 11, 2015, Mr. Elijah was arrested by state authorities in Pitt County, North Carolina, for state offenses related to Case Number 4:15-CR-70-1-D, in the U.S. District Court for the Eastern District of North Carolina. He was released, via bond, on June 18, 2015, and the state charges were ultimately dismissed. *[Respondent's Ex. A, and Presentence Investigation Report]*. Mr. Elijah was arrested by federal authorities on July 10, 2015. *[Respondent's Ex. A, Attachment #3, USMS Form 129]*.

On August 17, 2015, Mr. Elijah was sentenced in Case Number 7:07-CR-10-1D, to a 36-month term of confinement for Supervised Release Violation. *[Respondent's Ex. A, Attachment #4, Supervised Release Revocation Judgment]*.

On March 7, 2017, Mr. Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, Case Number 4:15-CR-70-1-D, to a 108-month term of confinement for Possession with Intent to Distribute a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of 3,4-Methylenedioxy-N-ethylcathinone. The sentencing court ordered the 108-month term to be served consecutive to any other sentence. *[Respondent's Ex. A, Attachment #5, Judgment in a Criminal Case, Case No. 4:15-CR-70-1-D, E.D. N.C.]*.

---

[1] Some of the information herein is also contained in Mr. Elijah's Presentence Investigation Report (PSR). Pursuant to Bureau of Prisons Program Statement 1351.05, Release of Information, which is available at www.bop.gov, and in the inmate law library at the institution, inmates may not possess copies of their PSR. Accordingly, a copy of the PSR is not attached to Respondent's Exhibit A. Mr. Elijah, however, can review his PSR by making a request to his unit team, in accordance with the procedures set forth in the program statement.

The BOP computed Elijah's sentences of 36 months and 108 months as a 144-month single, aggregate term of confinement commencing on August 17, 2015, with 46 days of prior credit time (jail credit) for time spent in official detention from June 11, 2015 (the date of his arrest by state authorities) through June 18, 2015 (the date he was released on bond by the state), and from July 10, 2015 (the date of his arrest by federal authorities) through August 16, 2015 (the day before the imposition of the revocation term). *[Respondent's __Ex. A__, Attachment #6, SENTRY Public Information Inmate Data as of September 28, 2020]*.

## V. STANDARDS

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case*." Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will

4

**JA64**

not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See Fed. R*. Civ. P. 56(c), (e); *Celotex Corp*., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

**B. HABEAS CORPUS GENERALLY**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See Little*, 392 F.3d at 679 (citing *In re Vial*, 115 F.3d at 1194, n.5 (*en banc*)); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

**VI.     ARGUMENT**

The computation of a federal sentence is the responsibility of the Attorney General of the United States and has been delegated to the BOP. *See United States v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. The computation of a federal sentence requires consideration of two separate issues: the commencement date of the federal sentence and whether the defendant can

receive credit for time spent in pre-trial custody prior to commencement of the federal sentence.

The BOP has promulgated Program Statement 5880.28, Sentence Computation Manual (CCCA of

1984), to provide guidance on the application of the federal statutes in federal sentence

computations.[2]

### A. Petitioner Is Not Entitled to Credit for Time Spent on Supervised Release

Mr. Elijah is not entitled to any credit for time spent on Supervised Release. Both Federal

statute and BOP policy preclude the application of credit for time released from custody while

subject to conditions of supervised release.

Title 18 U.S.C. § 3585(b) governs prior custody credit and states as follows:

> A defendant shall be given credit toward the service of a term of
> imprisonment for any time he has spent in official detention prior to the date the
> sentence commences--
>> (1) as a result of the offense for which sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was
>> arrested after the commission of the offense for which the sentence
>> was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Pursuant to Title 18 U.S.C. § 3585(b), as referenced in Program

Statement 5880.28, Sentence Computation Manual (CCCA of 1984), an inmate must be in "official

detention" as a prerequisite to receiving jail credit, and "time spent . . . as a condition of parole,

probation or supervised release, is not creditable to the service of a subsequent sentence." *Program

Statement* 5880.28, p. 1-14F-14H*.; S*ee also Reno v. Koray*, 515 U.S. 50, 55, 115 S.Ct. 2021, 2024

(1995); *U.S. v. Johnson*, 418 F.3d 879, 880-81 (8th Cir. 2005). "Official detention" is defined as

---

[2]    Bureau of Prisons' Program Statements are available online at
http://www.bop.gov/policy/index.jsp and are available to inmates in the Institution Law Libraries.

**JA66**

time spent under a federal detention order. P.S. 5880.28; *U.S. v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (official detention means imprisonment in a place of confinement . . . ."). Mr. Elijah's citation to *United States v. Haymond*, 139 S.Ct. 2369 (2019), does not change this analysis, and has no bearing on the meaning of "official detention" under the statute. Mr. Elijah was not in "official detention" while subject to conditions of supervised release; therefore, none of this time is creditable against his federal term of confinement under 18 U.S.C. § 3585(b).

### B.  *Petitioner is Not Entitled to Additional Good Conduct Time Credit Under the FSA*

On December 21, 2018, the President signed into law the First Step Act ("FSA").   Prior to the First Step Act of 2018 (FSA), effective July 19, 2019, good conduct time credit was applied only for time actually served, rather than the length of the sentence imposed. Section 102(b) of the First Step Act amended 18 U.S.C. § 3624(b) such that inmates can earn up to 54 days of good time credit for every year of their imposed sentence, rather than 54 days for every year of their sentence served. Section 102 (b) (2) states "EFFECTIVE DATE.- The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." *First Step Act of 2018*, PL 115-391, 132 Stat.5194 (2018).

The amendments to § 3624(b) took effect on July 19, 2019. The changes made to the good conduct time earnings were made retroactive, but the changes are applicable only to sentences not yet satisfied as of the effective date of the FSA; therefore, any sentences satisfied prior to the effective date of the FSA are not eligible to receive additional GCT credits. As Mr. Elijah's 108-month term of confinement in Case Number 7:07-CR-10-1-D was satisfied prior to the effective date of the FSA, he is not eligible to receive any additional GCT credit toward that term.

7

**JA67**

Pursuant to Title 18 U.S.C. § 3624(b), as amended by the First Step Act of 2018 (FSA), an inmate serving a 144-month (12-year) term is eligible to receive a maximum of 648 (12 x 54) days of GCT credit. Mr. Elijah is currently eligible to receive 648 days of GCT credit, and is scheduled to release from BOP custody, via Good Conduct Time Release, on September 21, 2025. *[Respondent's Ex. A, Attachment #6, SENTRY Public Information Inmate Data as of September 28, 2020]*.

## VII. CONCLUSION

As Mr. Elijah's federal sentence is correctly calculated, his request for relief must be denied and the Respondent is entitled to summary judgment.

Respectfully Submitted,

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY

By:    *s/Marshall Prince*
Marshall Prince (#5617)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
(803) 929-3000
November 10, 2020                marshall.prince@usdoj.gov

8

**JA68**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larone F. Elijah, | ) | C/A No.: 9:20-3040-JFA-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |

<u>DECLARATION OF FOREST KELLY</u>

In accordance with the provisions of Section 1746 of Title 28, United States Code, I, the undersigned, do hereby make the following declaration:

1.    I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as a Correctional Program Specialist at the Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas.

2.    I have worked for the BOP since July 1989 and I have worked in the area of inmate sentence computations since January 1992. I have been employed as a Correctional Program Specialist at the DSCC since December 2005. My duties include providing litigation assistance to the United States Attorney's Office in cases where federal inmates challenge their sentence computations, which includes auditing and reviewing such computations.

3.    As a Correctional Program Specialist, I have access to records maintained by the BOP regarding federal inmates. This information includes, but is not limited to, access to the BOP's SENTRY computer database, which tracks the status and activities of inmates while in federal custody, Judgment and Commitment files, and Central Files.

4.    Larone F. Elijah ("Petitioner"), Federal Register Number 70214-056, is an inmate designated by the Federal Bureau of Prisons ("BOP") to serve his sentence at the Federal Correctional Institution ("FCI") Williamsburg, in Salters, South Carolina.

5.    A review of SENTRY records shows that Petitioner exhausted administrative remedies with regard to his sentence computation challenge.

6.    On October 25, 2007, Mr. Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, Case Number 7:07-CR-10-1-D, to a 108-month term of confinement and a 5-year term of Supervised Release for Possession with Intent to Distribute More than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine.

**Exhibit A**

7.  Mr. Elijah satisfied the 108-month sentence on May 23, 2014, and was released from BOP custody.

8.  His 5-year term of Supervised Release commenced on May 23, 2014.

9.  On June 11, 2015, Mr. Elijah was arrested by state authorities in Pitt County, North Carolina, for state offenses related to Case Number 4:15-CR-70-1-D, in the U.S. District Court for the Eastern District of North Carolina.  He was released, via bond, on June 18, 2015, and the state charges were ultimately dismissed.

10. Mr. Elijah was arrested by federal authorities on July 10, 2015.

11. On August 17, 2015, Mr. Elijah was sentenced in Case Number 7:07-CR-10-1D, to a 36-month term of confinement for Supervised Release Violation.

12. On March 7, 2017, Mr. Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, Case Number 4:15-CR-70-1-D, to a 108-month term of confinement for Possession with Intent to Distribute a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of 3,4-Methylenedioxy-N-ethylcathinone.  The sentencing court ordered the 108-month term to be served consecutive to any other sentence.

13. The BOP computed Elijah's sentences of 36 months and 108 months as a 144-month single, aggregate term of confinement commencing on August 17, 2015, with 46 days of prior credit time (jail credit) for time spent in official detention from June 11, 2015 (the date of his arrest by state authorities) through June 18, 2015 (the date he was released on bond by the state), and from July 10, 2015 (the date of his arrest by federal authorities) through August 16, 2015 (the day before the imposition of the revocation term).

14. Mr. Elijah was not in "official detention" while subject to conditions of supervised release; therefore, none of this time is creditable against his federal term of confinement under 18 U.S.C. § 3585(b).

15. Section 102(b) of the First Step Act amended 18 U.S.C. § 3624(b) such that inmates can earn up to 54 days of good time credit for every year of their imposed sentence, rather than 54 days for every year of their sentence served.

16. The amendments to § 3624(b) took effect on July 19, 2019.  The changes made to the good conduct time earnings were made retroactive, but the changes are applicable only to sentences not yet satisfied as of the effective date of the FSA; therefore, any sentences satisfied prior to the effective date of the FSA are not eligible to receive additional GCT credits.

17. As Mr. Elijah's 108-month term of confinement in Case Number 7:07-CR-10-1-D was satisfied prior to the effective date of the FSA, he is not eligible to receive any additional GCT credit toward that term.

18.    Pursuant to Title 18 U.S.C. § 3624(b), as amended by the First Step Act of 2018 (FSA), an inmate serving a 144-month (12-year) term is eligible to receive a maximum of 648 (12 x 54) days of GCT credit.

19.    Mr. Elijah is currently eligible to receive 648 days of GCT credit, and is scheduled to release from BOP custody, via Good Conduct Time Release, on September 21, 2025.

20.    Attached are true and accurate copies of the following documents, which have been redacted for privacy and security reasons:

Attachment 1: Judgment in a Criminal Case, Case No. 7:07-CR-10-1D, E.D. N.C.
Attachment 2: SENTRY Public Information Inmate Data
Attachment 3: USMS Form 129
Attachment 4: Supervised Release Revocation Judgment
Attachment 5: Judgment in a Criminal Case, Case No. 4:15-CR-70-1-D, E.D. N.C.
Attachment 6: SENTRY Public Information Inmate Data as of September 28, 2020
Attachment 7: Administrative Remedy ID No. 998351, all levels

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this  12th day of November, 2020.

*Forest Kelly*

Forest Kelly, Correctional Program Specialist
Designation and Sentence Computation Center

# Attachment 1

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
NCED          Sheet 1

# UNITED STATES DISTRICT COURT

|  Eastern  | District of | North Carolina |
|---|---|---|

UNITED STATES OF AMERICA
v.

**JUDGMENT IN A CRIMINAL CASE**

**LARONE FREDRICK ELIJAH**

Case Number: 7:07-CR-10-1-D

USM Number: 70214-056

Robert E. Nunley
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)     1 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute More Than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Herion, and a Quantity of Methylenedioxymethamphetamine | 6/9/2006 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  _____  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Sentencing Location:
Raleigh, NC

10/25/2007
Date of Imposition of Judgment

Signature of Judge

James C. Dever III, U.S. District Judge
Name and Title of Judge

10/25/2007
Date

USCA4 Appeal: 21-7352    Doc: 19    Filed: 11/16/2022    Pg: 77 of 141
9:20-cv-03040-JD    Date Filed 11/10/20    Entry Number 8-1    Page 6 of 43

Case 7:07-cr-00010-D    Document 32    Filed 10/25/2007    Page 2 of 6

AO 245B    (Rev. 12/03) Judgment in Criminal Case
NCED    Sheet 2 — Imprisonment

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

Judgment — Page    2    of    6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Count 1 - 108 months**

☑ The court makes the following recommendations to the Bureau of Prisons:

**The court recommends that the defendant receive intensive substance abuse treatment and vocational and educational training opportunities. The court recommends that he serve his term in FCI, Bennettsville, SC or as close as possible to New Hanover County, NC.**

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before    p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**JA74**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 3 — Supervised Release

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

Judgment—Page ___3___ of ___6___

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Count  1 - 5 years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.    The defendant shall support the defendant's dependents and meet other family responsibilities.

5.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.    The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8.    The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10.    The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.    The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B
NCED
(Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___6___

DEFENDANT: LARONE FREDRICK ELIJAH
CASE NUMBER: 7:07-CR-10-1-D

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**JA77**

AO 245B
NCED    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT: LARONE FREDRICK ELIJAH

Judgment — Page  6  of  6

CASE NUMBER: 7:07-CR-10-1-D

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐C,   ☐D, or   ☐F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The special assessment in the amount of $100.00 shall be due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Attachment 2

```
     DSCCN          *          PUBLIC INFORMATION          *     09-28-2020
   PAGE 001         *             INMATE DATA              *     13:04:30
                                AS OF 09-28-2020


   REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


                      RESP OF: WIL
                      PHONE..: 843-387-9400    FAX: 843-387-6961
                                               RACE/SEX...: BLACK / MALE
                                               AGE:  44
   PROJ REL MT: GOOD CONDUCT TIME RELEASE      PAR ELIG DT: N/A
   PROJ REL DT: 09-21-2025                     PAR HEAR DT:
```

```
   G0002        MORE PAGES TO FOLLOW . . .
```

**JA80**

```
DSCCN          *          PUBLIC INFORMATION          *     09-28-2020
PAGE 002        *               INMATE DATA            *     13:04:30
                                AS OF 05-23-2014

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


                    RESP OF: WIL
                    PHONE..: 843-387-9400   FAX: 843-387-6961
HOME DETENTION ELIGIBILITY DATE: 11-26-2013


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  05-23-2014 VIA GCT REL


------------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER...................: 7:07-CR-10-1-D
JUDGE...........................: DEVER III
DATE SENTENCED/PROBATION IMPOSED: 10-25-2007
DATE COMMITTED..................: 01-10-2008
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00         $00.00        $00.00        $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  409    21:841 & 846 SEC 841-851
OFF/CHG: 21:841(A)(1) PWITD MORE THAN 5 GRMS OF COCAINE BASE, A
         QUANTITY OF COCAINE, A QUANTITY OF HEROIN & A QUANTITY OF
         METHYLENEDROXYMETHAMPHETAMINE.

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  108 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 DATE OF OFFENSE................: 06-09-2006
```

```
G0002       MORE PAGES TO FOLLOW . . .
```

**JA81**

```
  DSCCN          *        PUBLIC INFORMATION        *    09-28-2020
PAGE 003 OF 003 *            INMATE DATA            *    13:04:30
                        AS OF 05-23-2014

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


                    RESP OF: WIL
                    PHONE..: 843-387-9400   FAX: 843-387-6961
--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-11-2013 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-11-2013 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 10-25-2007
TOTAL TERM IN EFFECT............: 108 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   9 YEARS
EARLIEST DATE OF OFFENSE........: 06-09-2006

JAIL CREDIT....................:   FROM DATE    THRU DATE
                                   06-09-2006   06-14-2006
                                   07-05-2006   10-24-2007

TOTAL PRIOR CREDIT TIME.........: 483
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 399
TOTAL GCT EARNED................: 399
STATUTORY RELEASE DATE PROJECTED: 05-26-2014
ELDERLY OFFENDER TWO THIRDS DATE: 06-29-2012
EXPIRATION FULL TERM DATE.......: 06-29-2015
TIME SERVED....................:     7 YEARS    10 MONTHS    25 DAYS
PERCENTAGE OF FULL TERM SERVED..: 87.7
PERCENT OF STATUTORY TERM SERVED: 99.8

ACTUAL SATISFACTION DATE........: 05-23-2014
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: CRL
ACTUAL SATISFACTION KEYED BY....: TM

DAYS REMAINING..................: 399
FINAL PUBLIC LAW DAYS...........: 3
```

```
  G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

**JA82**

# Attachment 3

**LIMITED OFFICAL USE**
**United States Marshals Service**

## I. IDENTIFICATION DATA *USM-129 Individual Custody/Detention Report*

**DISTRICT:** EASTERN NORTH CAROLINA NC/E RALEIGH

**Prepared On:** 7:50 AM 03/16/2017

Save

| | | |
|---|---|---|
| **USMS NUMBER:** 70214-056 | **FID:** 01286214 | **NAME:** ELIJAH, LARONE FREDERICK |
| **ADDRESS:** FAYETTEVILLE NC | | **PHONE:** ( |
| **DOB:** ▮ | **AGE:** 42y | **POB:** NEW YORK, NY |
| **CURRENT INST:** | | **ADMITTED:** |

| **SEX:** M | **RACE:** B | **HAIR:** BLK | **EYE:** BRO | **HEIGHT:** 72 in | **WEIGHT:** 205lb |
|---|---|---|---|---|---|
| **SSN:** ▮ | | **FBI UCN:** 538647PA5 | | | **ALIEN NBR:** |

| OTHER NUMBER | OTHER NUMBER TYPE | ISSUE DATE | EXP DATE | REMARKS |
|---|---|---|---|---|
| NC0650374A | Originating Police or Identification Number | | | NC SID |
| NY711964OR | Originating Police or Identification Number | | | NY SID |
| 0515491 | Originating Police or Identification Number | | | NC DOC |

| **\*\*SPECIAL CAUTIONS AND MEDICAL** | **REMARKS** | ▮ |
|---|---|---|
| ▮ | ▮ | |

| TB CLEARANCE STATUS | ASSESSMENT DATE | EXPIRED |
|---|---|---|
| CLEARED | 08-10-2015 | 08-09-2016 |
| CLEARED | 08-04-2016 | 08-04-2017 |

| DNA TEST DATE | TAKEN? | DEPUTY | REMARKS/KIT# |
|---|---|---|---|
| | No | | Prior to mandatory DNA requirement dated 9/29/09 |
| | No | | TO BE TAKEN BY AGENT |

| DETAINER DATE | L/R | ACTIVE | AGENCY | REMARK |
|---|---|---|---|---|
| 12-01-2015 | L | N | BUTNER MEDIUM II | |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| ▮ | |

**GENERAL REMARKS**

NONE

## II. CUSTODY INFORMATION

| Custody 1 | CUSTODY START DATE: 01-31-2007 | | END DATE: 01-02-2008 | |
|---|---|---|---|---|
| CUSTODY STATUS | OFFICE | START DATE | END DATE | REMARK |
| WT-CASE-RESOLVE | 056 | 11-23-2007 | 11-23-2007 | |
| WT-DESIG | 056 | 11-23-2007 | 11-27-2007 | PACKET SENT TO BOP |
| WT-MOVE | 056 | 11-27-2007 | 01-02-2008 | DESIGNATED TO BENNETTSVILLE FCI |
| RL-BOP | 056 | 01-02-2008 | 01-02-2008 | VANCE BUS PTM00357-08 |

| Court Case 1 | Federal Court City | Judge | US Attorney | Defense Attorney |
|---|---|---|---|---|
| 7:07-CR-10-1-D | NC/E WILMINGTON | DEVER, JAMES | | NUNLEY, ROBERT |
| | **ARREST DATE** | **ARRESTING AGENCY** | **ARREST LOCATION** | **WARRANT NUMBER** |

| Arrest | 01-31-2007 | DRUG ENFORCEMENT ADMINISTRATION | NEW HANOVER JAIL | | |
|---|---|---|---|---|---|
| **Offense** | **OFF CODE** 3532 | **OFFENSE** Cocaine - Possess | **REMARKS** | | **DISPOSITION** Guilty |
| **Sentence** | **SENTENCE DATE** 10-25-2007 | **SENTENCE** Prison - Other | **APPEAL DATE** | **DURATION** 108 Month(s) Fine: $100.00 | |
| **Reduced Sentence** | **SENTENCE DATE** | **REDUCED SENTENCE** | **APPEAL DATE** | **DURATION** | |

| COURT CASE STATUS | START DATE | END DATE | REMARKS |
|---|---|---|---|
| ARREST | 01-31-2007 | 01-31-2007 | |
| WT-TRIAL | 01-31-2007 | 05-14-2007 | STATE CHARGES DISMISSED |
| WT-SENT | 05-14-2007 | 10-25-2007 | GUILTY PLEA/JUDGE DEVER |
| WT-J/C | 10-25-2007 | 01-02-2008 | SENT. TO 108 MONS |
| CASE-RESOLVED | 01-02-2008 | 01-02-2008 | |

| INST | INSTITUTION NAME | ADMIT | RELEASE | BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| 4JL | New Hanover County Detention Center | 01-31-2007 | 02-13-2007 | 13 | |
| 4LJ | Wake Co Jail | 02-13-2007 | 02-27-2007 | 14 | |
| 4ZM | Johnston Co Jail | 02-27-2007 | 05-11-2007 | 73 | |
| 4LJ | Wake Co Jail | 05-11-2007 | 05-17-2007 | 6 | |
| 4ZM | Johnston Co Jail | 05-17-2007 | 08-17-2007 | 92 | |
| 4LJ | Wake Co Jail | 08-17-2007 | 09-04-2007 | 18 | |
| 4SQ | Franklin Co Jail | 09-04-2007 | 10-22-2007 | 48 | |
| 4LJ | Wake Co Jail | 10-22-2007 | 10-29-2007 | 7 | |
| 3VN | Western Tidewater Reg Jail | 10-29-2007 | 12-27-2007 | 59 | |
| 4LJ | Wake Co Jail | 12-27-2007 | 01-01-2008 | 5 | |
| 4Z2 | Vance Co Jail | 01-01-2008 | 01-02-2008 | 1 | |
| | | | TOTAL DAYS BOARDED: | 336 | |

| Custody 2 | CUSTODY START DATE: 11-19-2015 | | END DATE: 03-10-2017 |
|---|---|---|---|
| CUSTODY STATUS | OFFICE | START DATE | END DATE | REMARK |
|---|---|---|---|---|
| WT-CASE-RESOLVE | 056 | 11-19-2015 | 12-01-2015 | WAIVED DH ON 11/24 IFO JUDGE GATES |
| RL-BOP | 056 | 12-01-2015 | 03-29-2016 | BUTNER RASR |
| READMIT | 056 | 03-29-2016 | 03-29-2016 | ASR-P IN FROM BUTNER II |
| WT-CASE-RESOLVE | 056 | 03-29-2016 | 03-30-2016 | IN FOR A SUPPRESSION HEARING ON 3/30/2016 |
| WT-CASE-RESOLVE | 056 | 03-30-2016 | 04-05-2016 | MOTION TO SUPRESS DENIED BY JUDGE DEVER. 3/30/2016. |
| RL-WHCAP | 056 | 04-05-2016 | 07-05-2016 | RASR TO BUTNER |
| READMIT | 056 | 07-05-2016 | 07-05-2016 | ASR IN |
| WT-CASE-RESOLVE | 056 | 07-05-2016 | 07-19-2016 | |
| RL-WHCAP | 056 | 07-19-2016 | 08-09-2016 | |
| READMIT | 056 | 08-09-2016 | 08-09-2016 | ASR FROM FCC BUTNER |
| WT-CASE-RESOLVE | 056 | 08-09-2016 | 08-26-2016 | SENTENCING CONT UNTIL NOV |
| WT-MOVE | 056 | 08-26-2016 | 09-01-2016 | RASR BUTNER 2 |
| RL-WHCAP | 056 | 09-01-2016 | 03-03-2017 | |
| READMIT | 056 | 03-03-2017 | 03-03-2017 | ASR IN FROM BUTNER 2 |
| WT-CASE-RESOLVE | 056 | 03-03-2017 | 03-08-2017 | |
| WT-MOVE | 056 | 03-08-2017 | 03-10-2017 | RASR TO BUTNER 2 |
| RL-BOP | 056 | 03-10-2017 | 03-10-2017 | |

| Court Case 2 | Federal Court City | Judge | US Attorney | Defense Attorney |
|---|---|---|---|---|
| 4:15-CR-00070 | NC/E RALEIGH | | MORALES, ELEANOR | |
| **Arrest** | **ARREST DATE** 11-19-2015 | **ARRESTING AGENCY** U.S. ATTORNEY'S OFFICE | **ARREST LOCATION** RALEIGH, NC | **WARRANT NUMBER** |
| **Offense** | **OFF CODE** 3599 | **OFFENSE** Dangerous Drugs | **REMARKS** | **DISPOSITION** Guilty |
| **Sentence** | **SENTENCE DATE** 03-07-2017 | **SENTENCE** Prison - Other | **APPEAL DATE** | **DURATION** 108 Month(s) 3 Year(s) Supervision |

|  |  |  |  | Assessment: $100.00 |  |
|---|---|---|---|---|---|
| **Reduced Sentence** | **SENTENCE DATE** 03-07-2017 | **REDUCED SENTENCE** Prison - Other | **APPEAL DATE** | **DURATION** 108 Month(s) |  |

| COURT CASE STATUS | START DATE | END DATE | REMARKS |
|---|---|---|---|
| ASR-P | 11-19-2015 | 11-19-2015 | FROM FCI BUTNER 2 |
| WT-TRIAL | 11-19-2015 | 08-17-2016 |  |
| WT-SENT | 08-17-2016 | 03-07-2017 | GUILTY PLEA ENTERED- 8/17/16 |
| WT-J/C | 03-07-2017 | 03-07-2017 | 108 MOS |
| RC-J/C | 03-07-2017 | 03-07-2017 |  |
| CASE-RESOLVED | 03-07-2017 | 03-07-2017 |  |

| INST | INSTITUTION NAME | ADMIT | RELEASE | BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| 4SQ | Franklin Co Jail | 11-19-2015 | 11-30-2015 | 11 |  |
| 3PV | Piedmont Regional Jail | 11-30-2015 | 12-01-2015 | 1 |  |
| 3PV | Piedmont Regional Jail | 03-29-2016 | 04-05-2016 | 7 | IN FROM BUTNER |
| 3PV | Piedmont Regional Jail | 07-05-2016 | 07-19-2016 | 14 |  |
| 3PV | Piedmont Regional Jail | 08-09-2016 | 09-01-2016 | 23 |  |
| 3PV | Piedmont Regional Jail | 03-03-2017 | 03-10-2017 | 7 |  |
|  |  |  | **TOTAL DAYS BOARDED:** | 63 |  |

| Custody 3 |  | CUSTODY START DATE: 07-10-2015 |  | END DATE: 09-14-2015 |
|---|---|---|---|---|
| **CUSTODY STATUS** | **OFFICE** | **START DATE** | **END DATE** | **REMARK** |
| WT-CASE-RESOLVE | 056 | 07-10-2015 | 07-13-2015 |  |
| WT-CASE-RESOLVE | 056 | 07-13-2015 | 08-27-2015 | DEF WAIVED DH BEFORE JUDGE JONES |
| WT-DESIG | 056 | 08-27-2015 | 09-04-2015 |  |
| WT-MOVE | 056 | 09-04-2015 | 09-14-2015 | BUTNER MED II |
| RL-BOP | 056 | 09-14-2015 | 09-14-2015 |  |

| Court Case 3 | Federal Court City | Judge | US Attorney | Defense Attorney |
|---|---|---|---|---|
|  | NC/E RALEIGH | DEVER, JAMES | MORALES, ELEANOR | UMSTEAD, SUSAN |

| | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| **Arrest** | 07-10-2015 | UNITED STATES MARSHALS SERVICE | WILMINGTON, NC |  |

| | OFF CODE | OFFENSE | REMARKS | DISPOSITION |
|---|---|---|---|---|
| **Offense** | 5012 | Probation Violation |  | Guilty |

| | SENTENCE DATE | SENTENCE | APPEAL DATE | DURATION |
|---|---|---|---|---|
| **Sentence** | 08-17-2015 | Prison - Other |  | 36 Month(s) |

| | SENTENCE DATE | REDUCED SENTENCE | APPEAL DATE | DURATION |
|---|---|---|---|---|
| **Reduced Sentence** |  |  |  |  |

| COURT CASE STATUS | START DATE | END DATE | REMARKS |
|---|---|---|---|
| REVHEAR | 07-10-2015 | 08-17-2015 | WAIVED PC/DH AT HIS IA |
| WT-J/C | 08-17-2015 | 08-27-2015 | REVOKED AND SENTENCED TO 36 MONTHS- 8/17/15 |
| RC-J/C | 08-27-2015 | 08-27-2015 |  |
| CASE-RESOLVED | 08-27-2015 | 08-27-2015 |  |

| INST | INSTITUTION NAME | ADMIT | RELEASE | BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| 4JL | New Hanover County Detention Center | 07-10-2015 | 07-16-2015 | 6 |  |
| 4LJ | Wake Co Jail | 07-16-2015 | 08-05-2015 | 20 |  |
| 4LV | Edgecomb Co Jail | 08-05-2015 | 08-17-2015 | 12 |  |
| 4SQ | Franklin Co Jail | 08-17-2015 | 08-18-2015 | 1 | TRANSFER AFTER RH |
| 3PV | Piedmont Regional Jail | 08-18-2015 | 09-14-2015 | 27 | TRANSFER VIA 05 CELL |
|  |  |  | **TOTAL DAYS BOARDED:** | 66 |  |

## III. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| 11-12-2007 | LABCORP | 87070 |
| 11-05-2007 | LABCORP | 87070 87184 |
| 10-17-2007 | JAMES HARDY DDS | D0140 D0220 D7140 |

*This Document Represents the most recent USM129 Data as of 7:50 AM 03/16/2017.*

# Attachment 4

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### Southern Division
### DOCKET NO. 7:07-CR-10-1D

| | | |
|---|---|---|
| **United States Of America** | ) | **JUDGMENT** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Larone Frederick Elijah** | ) | |

On October 25, 2007, Larone Frederick Elijah appeared before the Honorable James C. Dever III, Chief U.S. District Judge in the Eastern District of North Carolina, and upon an earlier plea of guilty to 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute More Than 5 Grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine, was sentenced to 108 months imprisonment, and 60 months supervised release.

From evidence presented at the revocation hearing on August 17, 2015, the court finds as a fact that Larone Frederick Elijah, who is appearing before the court with counsel, has violated the terms and conditions of the judgment as follows:

1. Criminal conduct.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the supervised release term heretofore granted be revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 36 months.

**IT IS RECOMMENDED** that the defendant serve this sentence at FCI Bennettsville, SC, and receive vocational training and the 500 hour drug treatment program while incarcerated.

**IS FURTHER ORDERED** that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

This the 17th day of August, 2015

James C. Dever III
Chief U.S. District Judge

Attachment 5

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of North Carolina

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| LARONE FREDERICK ELIJAH | ) | Case Number:  4:15-CR-70-1-D |
| | ) | USM Number:  70214-056 |
| | ) | Brian M. Aus (stand-by counsel) |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)     1 of the Indictment

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), | Possession With the Intent to Distribute a Quantity of | 6/11/2015 | 1 |
| 21 U.S.C. § 841(b)(1)(C) | Cocaine, a Quantity of Heroin, and a Quantity of | | |
| | 3,4-Methlylenediocy-N-ethylcathinone | | |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/7/2017
Date of Imposition of Judgment

_Signature of Judge_

James C. Dever III, Chief United States District Judge
Name and Title of Judge

3/7/2017
Date

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT:  LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Count 1 - 108 months and shall run consecutively to any other sentence imposed

The court orders that the defendant provide support for all dependents while incarcerated.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant receive the 500 hour intensive substance abuse treatment program, and vocational and educational training opportunities. The court recommends that he serve his term in FCI Butner, NC.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:  LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

### Count 1 - 3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 02/16) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT: LARONE FREDERICK ELIJAH
CASE NUMBER: 4:15-CR-70-1-D

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall support his dependent(s).

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __6__

DEFENDANT:  LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100.00 | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $  0.00 | $  0.00 |  |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## JA95

AO 245B  (Rev. 02/16) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page   6   of   6

DEFENDANT:  LARONE FREDERICK ELIJAH
CASE NUMBER:  4:15-CR-70-1-D

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The special assessment in the amount of $100.00 shall be due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 4:15-cr-00070-D   Document 116   Filed 03/07/17   Page 6 of 6

## JA96

# Attachment 6

```
  DSCCN          *          PUBLIC INFORMATION          *    09-28-2020
PAGE 001         *             INMATE DATA              *    13:05:23
                            AS OF 09-28-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK

                     RESP OF: WIL
                     PHONE..: 843-387-9400    FAX: 843-387-6961
                                              RACE/SEX...: BLACK / MALE
                                              AGE:  44
PROJ REL MT: GOOD CONDUCT TIME RELEASE        PAR ELIG DT: N/A
PROJ REL DT: 09-21-2025                        PAR HEAR DT:
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

**JA98**

```
  DSCCN          *        PUBLIC INFORMATION          *      09-28-2020
PAGE 002         *            INMATE DATA             *      13:05:23
                              AS OF 09-28-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK

                    RESP OF: WIL
                    PHONE..: 843-387-9400   FAX: 843-387-6961
HOME DETENTION ELIGIBILITY DATE: 03-21-2025

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-21-2025 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER...................: 7:07-CR-10-1D
JUDGE...........................: DEVER
DATE SENTENCED/PROBATION IMPOSED: 10-25-2007
DATE SUPERVISION REVOKED........: 08-17-2015
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 09-14-2015
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00         $00.00          $00.00       $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:   409    21:841 & 846 SEC 841-851
OFF/CHG: 21:841(A)(1) POSSESSION WITH INTENT TO DISTRIBUTE MORE THAN 5
         GRAMS OF COCAINE BASE, A QUANTITY OF COCAINE, A QUANTITY OF
         HEROIN, AND A QUANTITY OF METHYLENEDIOXYMETHAMPHETAMINE

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
 DATE OF OFFENSE................: 06-09-2006

----------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: NORTH CAROLINA, EASTERN DISTRICT
DOCKET NUMBER...................: 4:15-CR-70-1-D
JUDGE...........................: DEVER
DATE SENTENCED/PROBATION IMPOSED: 03-07-2017
DATE COMMITTED..................: 03-10-2017
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002     MORE PAGES TO FOLLOW . . .
```

**JA99**

```
DSCCN           *        PUBLIC INFORMATION          *      09-28-2020
PAGE 003        *           INMATE DATA              *      13:05:23
                          AS OF 09-28-2020

REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK


                    RESP OF: WIL
                    PHONE..: 843-387-9400   FAX: 843-387-6961


               FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $100.00       $00.00          $00.00         $00.00


RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 381     21:841 SCH II NARCOTIC
OFF/CHG: 21:841(A)(1), 21:841(B)(1)(C) POSSESSION WITH THE INTENT TO
         DISTRIBUTE A QUANTITY OF COCAINE, A QUANTITY OF HEROIN & A
         QUANTITY OF 3,4-METHYLENEDIOCY-N-ETHYLCATHINONE


 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:  108 MONTHS
 TERM OF SUPERVISION............:    3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: 030 CS 020
 DATE OF OFFENSE................: 06-11-2015

------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 03-17-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-13-2017 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010, 030 010
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

**JA100**

```
DSCCN          *        PUBLIC INFORMATION        *     09-28-2020
PAGE 004 OF 004 *            INMATE DATA          *     13:05:23
                         AS OF 09-28-2020


REGNO..: 70214-056 NAME: ELIJAH, LARONE FREDRICK

                    RESP OF: WIL
                    PHONE..: 843-387-9400   FAX: 843-387-6961
DATE COMPUTATION BEGAN..........: 08-17-2015
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:  144 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:   12 YEARS
AGGREGATED TERM OF SUPERVISION..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 06-09-2006

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    06-11-2015   06-18-2015
                                    07-10-2015   08-16-2015

TOTAL PRIOR CREDIT TIME.........: 46
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 648
TOTAL GCT EARNED................: 270
STATUTORY RELEASE DATE PROJECTED: 09-21-2025
ELDERLY OFFENDER TWO THIRDS DATE: 07-02-2023
EXPIRATION FULL TERM DATE.......: 07-01-2027
TIME SERVED.....................:    5 YEARS     2 MONTHS    27 DAYS
PERCENTAGE OF FULL TERM SERVED..: 43.7
PERCENT OF STATUTORY TERM SERVED: 51.2

PROJECTED SATISFACTION DATE.....: 09-21-2025
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

**JA101**

# Attachment 7

U.S. Department of Justice

Federal Bureau of Prisons

*Cert Mail Service*

**Central Office Administrative Remedy Appeal**

7016 3560 0000 5854 7326

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Larone F.Elijah | 70214-056 | 1BL FCI Williamsburg |
|-------|-----------------|-----------|----------------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT    INSTITUTION |

**Part A - REASON FOR APPEAL:** I do not agree with the responses in the [BP-8,9,10]. And I fully adopt & again incorporate herein, respectfully. In case#7: 07-cr-10-D1, I was sentenced to 5 years S/R as part of the original sentence. I spent from 5/14/2014 - 7/10/2015 (14 months) on S/R until revoked. On 6/26/2019, the S.Ct found in US v Haymond, 139 S.Ct 2319 (2019), that S/R is a criminal prosecution, "an accused final sentence includes any S/R he may receive". I was sentenced for revocation on 8/17/2015 to 36 months consecutive to any other sentence. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D1. In the BP-8,9,10 responses to Haymond's application concerning my (14) months served on S/R the FBOP stated it only applied to 3583(k) invalidation only. The S.Ct in Haymond also found "that an accused final sentence includes ANY S/R sentence he may receive". The effect of that holding was clarified in US v. Venable#19-6280 4th. circuit 11/20/2019, clearly showing the responses from FBOP in the BP-8,9,10 was incorrect, it's other holding that I request credit under due to the (14) months pursuant to the 5 years S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict with that ruling. As you will also see the Venable case is a drug case and Haymonds ruling will apply to any case that S/R has been imposed. [See BP-8,9,10 responses by FBOP attached][4 copies each]. This is NOW "official detention"after Haymond's substantive ruling.              /s/ *Lrn Eljh*

*(Attached (4) copies of each & BP-8,9 & 10 x responses*

| DATE 5/7/2020   May 7th, 2020   LB | SIGNATURE OF REQUESTER |
|-----------------------------------|------------------------|

**Part B - RESPONSE**

BP 11  RECEIVED

MAY 1 9 2020

Administrative Remedy Section
Federal Bureau of Prisons

Washington DC 20534
BOP Central Office 531.A1
320 1st St, NW

| DATE | GENERAL COUNSEL |
|------|-----------------|
| FIRST COPY: WASHINGTON FILE COPY | CASE NUMBER: 998351·A1 |

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|-----------|--|--|--|--|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|------|------------------------------------------------|

BP-231(13)

Administrative Remedy No. 998351-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal, wherein you contend that under the First Step Act of
2018 (FSA), you are eligible for additional Good Conduct Time
(GCT) credit toward a previously served term of confinement.
You specifically request the Bureau of Prisons (Bureau) to apply
7 days GCT toward your current term of imprisonment.

A review of your record revealed on October 25, 2007, the United
States District Court for the Eastern District of North Carolina
sentenced you to a 108-month term of imprisonment for Possession
With Intent to Distribute More Than 5 Grams of Cocaine Base, a
Quantity of Cocaine, a Quantity of Heroin, and a Quantity of
Methylenedioxymethamphetamine, case number 7:07-CR-10-1-D.
You earned a total of 399 days GCT credits during the service of
this sentence.  You released from this sentence on May 23, 2014,
with 5-years supervision.

On June 11, 2015, you were arrested by North Carolina state
authorities for Trafficking Cocaine (x2), case number 15CR54389,
and Possession With Intent to Sell and Deliver Schedule I
Controlled Substance, Possession With the Intent to Manufacture,
Sell, or Deliver Heroin, and Maintaining a Vehicle, Dwelling, or
Place for Controlled Substances, case number 15CR54390. On
June 18, 2015, you released from state custody via bond, and
state charges remained pending.  On July 10, 2015, you were
arrested by the United States Marshals Service (USMS) for
Supervised Release Violation in case number 7:07-CR-10-1-D.  In
addition to new charges for Possession With the Intent to
Distribute a Quantity of Cocaine, A Quantity of Heroin, and a
Quantity of 3, 4-Methlylenediocy-N-ethylcathinone in case number
4:15-CR-70-1-D.

On August 17, 2015, the United States District Court for the
Eastern District of North Carolina sentenced you to an 36-month
term of imprisonment for a Supervised Release Violation, case
number 7:07-CR-10-1D.  On November 24, 2015, Pitt County, North
Carolina dismissed state charges in lieu of federal prosecution
in case numbers 15CR54389, and 15CR54390.  On March 7, 2017, the
United States District Court for the Eastern District of North
Carolina imposed an additional 108-month term of imprisonment
for Possession With the Intent to Distribute a Quantity of
Cocaine, A Quantity of Heroin, and a Quantity of 3, 4-
Methlylenediocy-N-ethylcathinone.  The respective judgment was
ordered to run consecutive to any other sentence imposed.

**JA104**

**Administrative Remedy No. 998351-A1**
**Part B - Response**
**Page 2**

Therefore, the Bureau computed a 144-month aggregate term of imprisonment.

On March 17, 2020, the Bureau computed your sentence computation to reflect 54 days of GCT credits earned pursuant to the FSA. You have currently earned 216 days GCT, and projected to earn 648 days.  Your projected release date is September 21, 2025.

Accordingly, the provisions of the new law took effect on July 19, 2019.  The changes made to the GCT earnings were made retroactive, but applicable only to sentences not yet satisfied as of July 19, 2019; therefore any sentence satisfied prior to the effective date of the FSA is not eligible to receive additional GCT credits. You released from your prior federal sentence before the enactment of the FSA.

Your sentence has been computed as directed by federal statute, and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

Accordingly, your appeal is denied.



‾7/9/40‾
Date

‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Ian Connors, Administrator
National Inmate Appeals

Regional Administrative Remedy Appeal No. 998351-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted December 19, 2019. You are appealing the Warden's response to your institution Administrative Remedy wherein you allege time spent of supervised release should be applied as jail credit because it is considered "official detention."   You further request to be awarded your 7 days Good Conduct Time credit (GCT) from your original sentence.

An investigation into this matter reveals you were sentenced to a term of 180 months imprisonment in U.S. District Court, Eastern District of North Carolina, for Possession with Intent to Distribute Cocaine Base.   You were released from that term of imprisonment on May 23, 2014.   You violated the terms of your Supervised Release and were sentenced 36 months imprisonment.   In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA OF 1984), "A revocation of a term of supervised release cannot begin to run, or commence, any earlier than the date on which it is revoked.   A supervised release revocation term, for calculation purposes, shall be treated the same as any other NL [New Law] sentence and may be aggregated with other NL [New Law] sentences following the same aggregation policy as discussed" previously in the manual.   Conversely, your sentences cannot be aggregated because they were imposed and served prior to the new term of imprisonment being imposed.   Therefore, the original term of imprisonment is not taken into account with relation to Good Time Credits (GTC) as part of the First Step Act.   Your sentence computation was reviewed and updated by the Designation & Sentence Computation Center in accordance with the First Step Act on March 17, 2020.   Your projected release date is now September 21, 2025.

In accordance with Program Statement 5880.28, Sentence Computation Manual, Page 1 – 14G, Reno V. Koray, 115 S.Ct 2021 (1995), the U.S. Supreme court held the time spent under restrictive **conditions of release** was not official detention entitling an inmate to prior custody time under 18 U.S.C. § 3585(b). The court found the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prison interpretation that a defendant is **either released** (with no credit for time under conditions of release) **or detained** (with credit for time in official detention.)   Therefore, the Koray decision means the time spent as a result of a condition of bond or release on own recognizance is not creditable to the service of the subsequent sentence.   Furthermore, according to Program Statement 5880.28, Sentence Computation Manual (CCCA OF 1984), "...**a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**"   As such, all applicable jail credit has been awarded in accordance with policy and statutes.

Accordingly, your Regional Administrative Remedy is denied.   If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons,
320 First Street, NW, Washington, DC, 20534.   Your appeal must be received in the Office of General Counsel within 30 calendar days of the date of this response.

4/20/2020
_____
Date

_____
Regional Director, SERO

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Larone Elijah | 70214-056 | 13L  FCI Williamsburg |
|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT    INSTITUTION |

**Part A - REASON FOR APPEAL :** I do not agree with the responses in the BP-8 of BP-9], And I fully adopt & again incorporate herein, respectfully. In case #7:07-cr-10-D, I was sentenced to 5 yrs S/R as part of the original sentence. I spent from 5/14/2014 - July 10 2015 (14) months on S/R until revoked. On June 26,2019, the S.Ct found in US v. Haymond 139 S.Ct 1826 (2019), that S/R is a criminal prosecution " an accused final sentence includes any S/R he may receive". I was sentenced to revocation on 8/17/2015 to 3 yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case 4:15-cr-70-D. REJECTION RESUBMITION: 11/26/2019 WITH MORE CLARITY; my BP-9 was & now being filed concerning my (14) months served on S/R. In the BP-8 & now BP-9 responses to Haymond's application the BOP stated it only applied to 3583(k) invalidation only. The S.Ct in Haymond also found "that an accused final sentence includes any S/R sentence he may receive". The effect of that holding was clarified in US v. Venable #19-6280 (4th.cir. 2019)[11/20/2019] clearly showing the response given in the BP-8 & BP-9 was incorrect, it's other holding that I request credit under due to the (14) months pursuant to the 5 yrs S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict. As you will see, the Venable case is a drug case and it will apply to any case that S/R has been imposed.[See BP-8 Rejection BP-9 response by BOP attached] [4 copies of each]. "This is NOW "official detention" after Haymond's substantive ruling."
12/17/2019                                    /s/ _____

| 12/17/2019 | /s/ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 998351-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)

**JA107**

REQUEST FOR ADMINISTRATIVE REMEDY
Part B - Response

Admin. Remedy Case #:<u>998351-F2</u>

---

This is in response to your Request for Administrative Remedy,
dated November 19, 2019, in which you claim that Supervised
Release is official detention. Specifically, you are requesting
credit for being on Supervised Release from May 14, 2014 through
July 10, 2015.

Program Statement 5880.28, <u>Sentence Computation Manual</u>, dated
February 14, 1997, page 1-24A, section c, states in part: "Time
spent serving a term of probation is not official detention as
to a sentence of imprisonment."

Accordingly, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to
the Regional Director at Bureau of Prisons, Southeast Regional
Office, 3800 Camp Creek Parkway, S.W., Building 2000, Atlanta,
Georgia, 30331-6226. Your appeal must be received in the
Regional Office within 20 calendar days of the date of this
response.

_____           12/13/19
Bryan K. Dobbs, Warden                     _____
                                           Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Larone Elijah | 70214-056 | 1BL  FCI Williamsburg |
|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT     INSTITUTION |

**Part A– INMATE REQUEST :** I do not agree with the response [see attached BP-8]. And I fully adopt & again incorporate herein, respectfully. In case#7:07-cr-10-D, I was sentenced to 5yrs S/R as part of the original sentence. I spent from May 14,2014 - July 10,2015 (14months) on S/R until revoked. On June 26,2019, the S.Ct found in US v. Haymond, 139 S.Ct 1826 (2019), that S/R is a criminal prosecution "an accused final sentence includes any S/R he may receive". I was sentenced to revocation on 8/17/2015 to 3yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D. REJECTION RESUBMITTION: 11/26/2019 WITH MORE CLARITY; my BP-9 was filed concerning my 14 months served on S/R. In the BP-8 response to Haymond's application the BOP stated it applied to 3583(k) invalidation only. The S.Ct in Haymond also found that "an accused final sentence includes any S/R/ sentence he may receive". The effect of that holding was clarified in US v. Venable #19-6280 (4th.cir.2019)[11/20/2019] clearly shows the response of the BP-8 response was incorrect , it's other holding that I request credit under due to the 14 months pursuant to the 5 years S/R that was imposed in 2007, and thus due to the S.Ct holding in Haymond it places 3583(e)(3) in conflict. As you will see, the Venable case is a drug case and it will apply to any case that S/R has been imposed.

| 11/19/2019 Resubmit Date:11/26/2019 | /s/ ~~Larone Elijah~~ |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**




_____          _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        CASE NUMBER: 998351-F2

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____          ☭          _____
DATE                    PRINTED ON RECYCLED PAPER     RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                          BP-229(13)
                                                                APRIL 1982

**JA109**

**FEDERAL CORRECTIONAL INSTITUTION**
**WILLIAMSBURG, SOUTH CAROLINA**
**PART B - RESPONSE TO REQUEST FOR INFORMAL RESOLUTION ATTEMPT**

**Elijah, Larone**
**Reg. No. 70214-056**
**UNIT: Unit 1**

This is in response to your Request for Administrative Remedy, dated October 23, 2019, in which you claim that your time computation is incorrect.

US vs Haymon was an inmate whom was convicted of drug charges and sex offense and is arguing about his revocation sentence of 5 years, violated revocation because he downloaded child porn.  .

You are wanting time applied to your sentence as jail credit for being under supervised release; that is not official detention.  He will not receive any of it. You should read 18:3585 (b) and PS 5880.58 page 1-14F for more information about "official detention"..

Therefore your request for an informal resolution is denied. If you are not satisfied with this decision, you may appeal to the Warden on an Administrative Remedy Form BP-229.


_C. S_____

Counselor

_11/18/19_____

Date


_Hunter J. A. Hunter_____

Unit Manager

_11/18/19_____

Date


**JA110**

WIL 1330.13A
Administrative Remedy
October 17, 2006

Attachment A

## DOCUMENTATION OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement 1330.13, **Administrative Remedy Program**, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to the filing a formal written complaint. This form will be used to document your efforts toward informally resolving your grievance.

Inmate Name: __Larone Elijah__   Reg. No.: __70214-056__   Unit: 1BL

Specific Complaint and Requested Relief: In case#7:07-cr-10-D, I was sentenced to 5yrs S/R as part of the sentence. I spent from May 14,2014-July 10,2015 (14 months)on S/R until revoked. On June 26,2019, the Supreme Ct. found in US v Haymond, 139 S.Ct 1826(2019), that S/R is a criminal prosecution "an accused final sentence includes any S/R he may received". This is now "official detention". I ask that the (14 months) be credited. I was sentenced to revocation on 8/17/2015 to 3yrs consecutive. I also ask for my 7 day GCT from 2007, this case is "aggregated" with case#4:15-cr-70-D.

cc: inmate#70214-056

Efforts Made by Inmate to Informally Resolve Grievance (be specific):

_____

_____

_____

_____

_____

Comments: _____

_____

_____

_____

_____

_____

_____ ·11/18/19 ___     Hunter, T. /A. Hunter  11/18/19
**Correctional Counselor Review / Date**     **Unit Manager Review / Date**

_____ 10/23/2019
**Inmate Signature / Date**

**JA111**

Dec. 9th, 2020

Larone F. Elijah
#70214-056
FCI Williamsburg               Response To
P.O. Box 340                   Motion To
Salters, SC 29590              Dismiss
                               And
Clerk, U.S.D.C., D.S.C.        Affidavit
P.O. Box 835
Charleston, S.C. 29401

Case N° 9:20-cv-03040, Elijah v. Dobbs

Now Comes, Larone F. Elijah, pro-se, in a
Response to Motion to Dismiss. Elijah
places before the Court Supreme Court Law
and 4th Circuit Law in support that the
legal landscape changed on June 21st, 2019
in U.S. v. Haymond, 139 S.CT 2369 (2019)
when it found that Supervised Release was
infact a "Criminal prosecution" and thus
anytime Served on Supervised Release
imposed by the original judgment, yet later
revoked and Sentence imposed for the re-
vocation is now "official detention" and
thus the time spent on Supervised Release

(1)

is infact "after Haymond ruling"
"official detention" and thus creditable
under 18 USC 3585(b). The crux of the
gov't's Rule 56 must legally fail. The
gov't in all legal context of Haymond
fails to realize the Supreme Court clearly
extended the "criminal prosecution from
the indictment until the Supervised release
is either "Sustained" or "revoked". Elijah's
Supervised Release was revoked and on
August 17th 2015 in Case № 7:07-cr-10-1D to
a 36 month term for Supervised Release Violation.
On March 7th, 2012, Elijah was sentenced to
108 months in Case № 4:15-cr-70-D-1, EDNC
for An Aggregate 144 Month Single Sentence.
Due to this Aggregation of Sentences, Elijah
remains in a "Criminal prosecution" under
Haymond. Elijah's 108 Month Sentence
imposed on Oct 25th 2007, Case № 7:07-cr-10-1D
and the Subsequent revocation on August 17th
2015 to 36 Months is A "Unitary Sentence"
See U.S. v. Venable, 943 F.3d 187 (4th Cir
2019 (Supervised Release punishments Arise
from and are treated as part of the penalty
for the initial offense). As well in Garlotte
v. Fordice, 515 U.S. 39 (1995)(finding that

(2)

**JA113**

prisoner whose first sentence expired held in custody under first sentence for purposes of federal habeas corpus statute. Elijah's 36 month revocation sentence and newly imposed 108 month sentence on March 7th, 2017 are "one continuous streaming sentence. This 144 month single sentence has no distinct segments once the Aggregate term of Confinment" Commenced on August 17th 2015. Under Haymond's framework Elijah's 5 year term of Supervised Release commenced on May 23rd, 2014 and he was arrested and revoked on July 10th 2015. On August 17th 2015 he recieved the 36 month Supervised Release Revocation. It is the 14 months between May 23rd 2014 and July 10th 2015 he must be credited for under 18 USC 3585(b). Upon the 36 month Supervised Release Revocations Aggregation with the March 7th 2017, 108 month term that Elijah remains is a "Criminal prosecution" under Haymond, 139 S.CT 2369 (2019) and the gov's motion to dismiss due to its reasoning that Haymond, 139 S.CT 2369 (2019) does not change this Analysis and has no bearing on the meaning of "official detention" under the statute. The gov further states that

(3)

**JA114**

that Elijah was not in "official detention" while subject to conditions of Supervised Release, none of this time is creditable against his term of Confinement under 18 USC 3585(b). The Supreme Court in Haymond was clear "Today we merely acknowledge that an "accused's final sentence includes any supervised Release he may recieve. Nor in saying this do we say anything new. This Court has Already recognized that Supervised Release punishments arise from and are treated as part of the penalty for the initial offense". Johnson v. U.S. 529 US 694, 700 (2000). The defendant recieves a term of Supervised Release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final Sentence for his crime. As the Court recognized in Apprendi and Alleyne "a criminal Prosecution continues and the defendant remains an "Accused" with All rights provided by the Sixth Amendment, until a final Sentence is imposed. Elijah on Supervised Release was not free to leave or do as he pleased. Supervised Release has rules to follow. Even Justice Alito in Haymonds dissent had to

(4)

recognizes that the Sword of Damocles hangs over a defendant everytime he wakes up to serve a day of Supervised Release. Once the Supreme Court in Haymond found Supervised Release to be a "Criminal Prosecution" any time served before an imposed Supervised Release Violation is now clearly "Official detention" Under 18 USC 3585(b). Elijah was still under the Supervised Release Rules of the Department of Justice. The govt infers that Haymond's Analysis does not Apply, but in its response fails to tell us "why" is does not. The Supreme Court clearly finds when a "Criminal prosecution" begins and ends. Elijah remains Accused and in a "Criminal prosecution". A genuine issue of Material fact exist for trial that Elijah remains in a "Criminal prosecution and thus in "Official detention" under 18 USC 3585 (b).

The Movant as well under 18 USC 3624 (b) the BOP incorrectly failed under FSA-2018 retroactively to credit the "7 days" to earliest date of offense. In these Cases the instant offense and Supervised Release Revocation are Consecutive and thus Aggregated into one Unitary Sentence See Peyton v. Rowe, 391 US 54, 67 (1968),

(5)

**JA116**

Gadotte v. Fordice, 515 US 39 (1995); Bernard v. Garraghty, 934 F.2d 52 (4th Cir. 1991); US v. Hillary, 106 F.3d 1170 (4th Cir. 1997), U.S. v. Venable, 943 F.3d 187 (4th Cir. 2019)(treating custodial and Supervised Release terms as components of one unified Sentence appropriately re-cognizes the interdependent relationship between incarceration and Supervised Release. The Movant is thus at all times "in custody" of either until all judgments are Satisfied. Under 18 USC 3624(b) the retroactive FSA-2018 must reach the Earliest date of offense, due to Haymond as well due to its a "Criminal prosecution" to the Unitary Sentence of the Supervised Release Revocation and the true instant offense in 2007. It is a genuine issue of material fact as well for trial and as such both claims under 18 USC 3585(b) and 18 USC 3624(b), under Haymond, 139 S.Ct 2369 (June 21st, 2019), the gov't motion to dismiss must be denied as to the B.O.P. Agency denial of these claims.

Respectfully
Ra Elijah

(6)

**JA117**

AFFIDAVIT

I Larone F. Elijah #70214-056 do
hereby Affi and declare under Penalty
of Perjury under 18 usc 1621 and 1622
that the foregoing declarations with the
Response and Attached exhibits are true.

I declare,

Larone F. Elijah
#70214-056
FCI Williamsburg
P.O. Box 340
Saltus, SC 29540

(7)

**JA118**

3040UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larone F. Elijah, | ) | CA No. 9:20-cv-03040-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner Larone F. Elijah ("Petitioner"), a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg, petitions the Court pro se for a writ of habeas corpus under 28 U.S.C. § 2241. Respondent Bryan K. Dobbs ("Respondent") filed a Motion for Summary Judgment, ECF No. 8, and Petitioner filed a Response in Opposition, ECF No. 12. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to the undersigned for a Report and Recommendation.

## I.    BACKGROUND

On October 25, 2007, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina, case number 7:07-CR-10-1-D, to a 108-month term of confinement and a five-year term of Supervised Release for Possession with Intent to Distribute more than five grams of Cocaine Base, a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of Methylenedioxymethamphetamine. ECF No. 8-1 at 5–8.

Petitioner satisfied the 108-month term of confinement on May 23, 2014, and was released from the Federal Bureau of Prisons' ("BOP") custody. ECF No. 8-1 at 2, ¶ 7. His five-year term of Supervised Release commenced on May 23, 2014. ECF No. 8-1 at 2, ¶ 8.

1

On June 11, 2015, Petitioner was arrested by state authorities in Pitt County, North Carolina, for state offenses related to case number 4:15-CR-70-1-D, in the United States District Court for the Eastern District of North Carolina. ECF No. 8-1 at 2, ¶ 9. He was released by the state, via bond, on June 18, 2015. ECF No. 8-1 at 2, ¶ 9. The state charges were ultimately dismissed, but the federal charges in case number 4:15-CR-70-1-D remained pending.

Petitioner was arrested by federal authorities on July 10, 2015. ECF No. 8-1 at 2, ¶ 10; ECF No. 8-1 at 18. On August 17, 2015, Petitioner's Supervised Release term in case number 7:07-CR-10-1-D was revoked for his criminal conduct, and he was sentenced to a thirty-six-month term of confinement for the Supervised Release violation. ECF No. 8-1 at 21.

On March 7, 2017, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina, case number 4:15-CR-70-1-D, to a 108-month term of confinement for Possession with Intent to Distribute a Quantity of Cocaine, a Quantity of Heroin, and a Quantity of 3,4-Methylenedioxy-N-ethylcathinone. ECF No. 8-1 at 2, ¶ 12. The sentencing court ordered the 108-month term to be served consecutive to any other sentence. ECF No. 8-1 at 23–25.

The BOP computed Petitioner's sentences for the Supervised Release violation in case number 7:07-CR-10-1-D (thirty-six-month term) and the drug conviction in case number 4:15-CR-70-1-D (108-month term) as a 144-month single, aggregate term of confinement that commenced on August 17, 2015 (the date the thirty-six-month term of confinement for the Supervised Release violation was imposed). ECF No. 8-1 at 2, ¶ 13. The BOP credited Petitioner with forty-six days of prior credit time (jail credit) for time spent in official detention from June 11, 2015 (the date of his arrest by state authorities) through June 18, 2015 (the date he was released on bond by the state), and from July 10, 2015 (the date of his arrest by federal authorities) through

2

August 16, 2015 (the day before the imposition of the revocation term). ECF No. 8-1 at 2, ¶ 13; ECF No. 8-1 at 33.

Petitioner has finished serving his revocation term in case number 7:07-CR-10-1-D, but he remains incarcerated in case number 4:15-CR-70-1-D. *See Elijah v. United States*, No. 4:15-CR-70-D, 2020 WL 5028767, at *2 n.2 (E.D.N.C. Aug. 25, 2020). His projected release date is September 21, 2025. ECF No. 8-1 at 30–31.

Petitioner brought this action pursuant to 28 U.S.C. § 2241, seeking credit for time during which he was on Supervised Release, as well as the application of additional Good Conduct Time ("GCT") credit toward his sentence. Petitioner fully exhausted his administrative remedies before filing the Petition. *See* ECF No. 8-1 at 35–43.

## II.    LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, although the Court views all the underlying facts and inferences in the record in the light most favorable to the non-moving party, the non-moving

"party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor.'" *Williams v. Genex Servs., LLC*, 809 F.3d 103, 109 (4th Cir. 2015) (quoting *Anderson*, 477 U.S. at 256). That is to say, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

### B. Habeas Corpus

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

primary means of attacking the validity of a federal conviction and sentence is through a motion

pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method

to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392

F.3d 671, 678–79 (4th Cir. 2004).

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is

"attack[ing] the computation and execution of the sentence rather than the sentence itself." *United*

*States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam); *see also Diaz v. Warden, FCI*

*Edgefield*, No. 4:17-cv-00093-RBH, 2017 WL 2985974, at *2 (D.S.C. July 13, 2017) (noting a

§ 2241 petition "is the proper means for a federal prisoner to challenge the BOP's sentencing

calculations"). A § 2241 petition challenging the execution of a federal prisoner's sentence

generally addresses "such matters as the administration of parole, computation of a prisoner's

sentence by prison officials, prison disciplinary actions, prison transfers, type of detention[,] and

prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Manigault v.*

*Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion

pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as

parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison

transfers."). A § 2241 petition must be brought against the warden of the facility where the prisoner

is being held, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), and "in the district of confinement

rather than in the sentencing court," *Miller*, 871 F.2d at 490. *See also* 28 U.S.C. § 2242.

### III.    DISCUSSION

Petitioner sets forth three grounds for relief in his § 2241 Petition. First, he argues that the

BOP erred in failing to credit him for the fourteen months he spent on Supervised Release in case

number 7:07-CR-10-1-D. Second, he argues that the BOP incorrectly found that he could not be

5

awarded additional GCT credit under the First Step Act for his original 108-month term of confinement in case number 7:07-CR-10-1-D. Finally, he argues that 18 U.S.C. 3583(e)(3) is unconstitutional pursuant to *United States v. Haymond*, 139 S. Ct. 2369 (2019). For the reasons that follow, the Court recommends denying all three grounds and dismissing the Petition.

### A. Petitioner is not entitled to credit for time spent on Supervised Release (Petitioner's Ground One).

Petitioner argues that the fourteen months he spent on Supervised Release in case number 7:07-CR-10-1-D should be counted as official detention under 18 U.S.C. § 3585(b). The computation of a federal sentence is governed by 18 U.S.C. § 3585 and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. 18 U.S.C. § 3585. A federal sentence cannot commence before it is imposed. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Credit for prior custody is governed by § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

It is well-established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. *United States v. Wilson*, 503 U.S.

6

329, 335 (1992). The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a "deferential abuse-of-discretion standard." *United States v. Hayes*, 535 F.3d 907, 909 (8th Cir. 2008), *cert. denied*, 556 U.S. 1185 (2009).

Here, Petitioner is not entitled to any credit under 18 U.S.C. § 3585(b) for time spent on Supervised Release, as time spent on Supervised Release is not "official detention" as that term is contemplated in the statute. *See Reno v. Koray*, 515 U.S. 50, 58 (1995) (stating that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' and who were subject to BOP's control" (internal citation omitted)). Indeed, as the Fourth Circuit has recognized, "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (quoting *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989)). Consequently, because Petitioner was not in "official detention" while subject to the conditions of Supervised Release in case number 7:07-CR-10-1-D, none of that time is creditable against his current federal term of confinement. In other words, 18 U.S.C. § 3585(b) is of no help to Petitioner. The Court, therefore, recommends denying Ground One of the Petition.

### B. Petitioner is not entitled to additional GCT credit under the First Step Act (Petitioner's Ground Two).

Petitioner seeks additional GCT credit under the First Step Act, arguing that although the BOP applied the First Step Act to his thirty-six-month revocation term in case number 7:07-CR-10-1-D, they did not apply it to the original 108-month term of confinement that preceded the revocation term. *See* ECF No. 1 at 8. He argues that, under the "unitary sentence" framework

7

adopted by the Fourth Circuit in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), his 108-month term of confinement and his revocation term are considered the same sentence and, therefore, he is also entitled to the retroactive application of sixty-three days of credit for the 108-month term of confinement he served prior to the amendment of 18 U.S.C. § 3624(b)(1). *See* ECF No. 1 at 8; ECF No. 12 at 2–3.

Respondent argues that the amendments to the GCT earnings were made retroactive, but the changes are applicable only to sentences not yet satisfied as of the effective date of the FSA—July 19, 2019. Therefore, Respondent maintains that "any sentences satisfied prior to the effective date of the FSA are not eligible to receive additional GCT credits." ECF No. 8 at 7. Thus, since Petitioner's "108-month term of confinement in [c]ase [n]umber 7:07-CR-10-1-D was satisfied prior to the effective date of the FSA, he is not eligible to receive any additional GCT credit toward that term." *Id.* The Court agrees with Respondent.

Section 102(b)(1)(A) of the First Step Act amended 18 U.S.C. § 3624(b)(1), altering the method in which GCT credit is calculated and allowing prisoners to receive up to fifty-four days GCT credit per year of the sentence imposed.[2] First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 102(b)(1)(A) (2018); *see also Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019) ("[P]aragraph 102(b)(1) [of the First Step Act] amends § 3624(b)—the good time credit provision—to require the BOP to permit up to [fifty-four] days per year."). Section 102(b)(1)(A) applies retroactively "to offenses committed before, on, or after the date of enactment of this Act,

---

[2] Prior to the amendment pursuant to the First Step Act, the Supreme Court upheld the BOP's method of awarding GCT credit on the basis of the number of days actually served and not the length of the sentence imposed under the prior version of the statute. *See Barber v. Thomas*, 560 U.S. 474, 478–83 (2010); *see also Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 529 (4th Cir. 2005). Under the now amended statute, the BOP awards GCT credit on the basis of the actual imprisonment imposed and not on the time actually served, such that prisoners may be entitled to an award of additional days of GCT.

8

except that such amendments shall not apply with respect to offenses committed before November 1, 1987." *Bottinelli*, 929 F.3d at 1200 (quoting § 102(b), 132 Stat. at 5213). The GCT amendments to § 3624(b) took effect on July 19, 2019. *See id.* at 1202.

Petitioner is correct that, in some sense, his revocation sentence is united with his original sentence. *See Haymond*, 139 S. Ct. at 2379–80 (acknowledging that an accused's final sentence includes any supervised release sentence he may receive, and further noting a "defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime"); *Venable*, 943 F.3d at 194 ("[G]iven that [Defendant's] revocation sentence is part of the penalty for his initial offense, he is still serving his sentence for a 'covered offense' for purposes of the First Step Act. Thus, the district court had the authority to consider his motion for a sentence reduction, just as if he were still serving the original custodial sentence."); *see also Johnson v. United States*, 529 U.S. 694, 701 (2000) (noting, with respect to an *ex post facto* challenge, that "postrevocation penalties relate to the original offense").

However, when it comes to the calculation of GCT credit under the First Step Act, district courts that have considered Petitioner's argument—including this Court—have rejected it. *See Beal v. Kallis*, No. 19-cv-3093 (DSD/HB), 2020 WL 822439, at *2 (D. Minn. Jan. 7, 2020) (noting "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating [GCT]" and ultimately concluding that "[t]he moment that Beal's prior terms of imprisonment ended was also the moment that Beal became ineligible for additional good-time credit resulting from those terms of imprisonment"), *report and recommendation adopted,* 2020 WL 818913 (D. Minn. Feb. 19, 2020); *Barkley v. Dobbs*, No. 1:19-3162-MGL-SVH, 2019 WL 6330744, at *3 (D.S.C. Nov. 12, 2019) (concluding that petitioner's revocation sentence was

9

separate from his original sentence "for the purpose of calculating good-time credit"), *report and recommendation adopted,* 2019 WL 6318742 (D.S.C. Nov. 25, 2019); *Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-cv-789, 2019 WL 5690710, at *3 (S.D. Ohio Nov. 4, 2019) ("Because petitioner's revocation sentence is separate from his original sentence for purposes of calculating good-time credits, he is not entitled to the good-time credits he would have received on his original 36-month sentence if the First Step Act had been enacted at the time he was serving that sentence."), *report and recommendation adopted*, 2019 WL 6828358 (S.D. Ohio Dec. 12, 2019); *Kieffer v. Rios*, No. 19-cv-899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) (rejecting petitioner's argument that the First Step Act entitled to him to additional GCT credit from his original sentence to be used towards his revocation sentence). Likewise, another district court in the Fourth Circuit has rejected a similar argument based on *Venable* and the "unitary sentence framework" position that Petitioner takes. *See Wilson v. Andrews*, No. 1:20CV470 (RDA/MSN), 2020 WL 5891457, at *4–7 (E.D. Va. Oct. 5, 2020) (analyzing reasons why *Venable* is inapposite and ultimately concluding the petitioner was not entitled to additional GCT credit to reduce his term of supervised release).

This Court agrees with those courts that have already considered the issue. "Supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005); *see also* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment *is of no further effect* either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or

10

JA128

mandatory release." (emphasis added)). The BOP, therefore, "acted properly in declining to apply the [First Step Act's] new good-time-credit calculation to [Petitioner's] term[ ] of imprisonment that had already concluded before the effective date of the statute." *Beal*, 2020 WL 822439, at *2. Accordingly, the Court recommends denying Ground Two of the Petition.

### C. *Haymond* did not invalidate 18 U.S.C. 3583(e)(3) (Petitioner's Ground Three).

Petitioner argues that 18 U.S.C. 3583(e)(3) is unconstitutional pursuant to *Haymond*, but his position as to why is not particularly clear. In any event, *Haymond* "had no impact on [the defendant's] run-of-the-mill revocation sentence imposed under 18 U.S.C. §3583(e)(3)." *United States v. Mooney*, 776 F. App'x 171, 171 n.* (4th Cir. 2019). The Court therefore recommends Ground Three of the Petition be denied. *See United States v. Ka*, 982 F.3d 219, 223 (4th Cir. 2020) ("Our sister circuits that have considered whether *Haymond* has implications for their § 3583(e) jurisprudence agree that it does not.").

### IV.    **RECOMMENDATION**

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion for Summary Judgment (ECF No. 8) be **GRANTED** and that the petition be **DISMISSED.**

Molly H. Cherry
United States Magistrate Judge

July 29, 2021
Charleston, South Carolina

**The parties are directed to the next page for their rights to file objections to this recommendation.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

12

**JA130**

8/9/21

LaRone F. Elijah
#70214-056
Fcc coleman-low
P. O. Box 1031
Coleman, Fl 33521

OBJECTIONS TO
Report And
Recommendations
issued 7/29/21

clek, USDC, DSC
P.o. Box 835
charleston, SC 29402

RECEIVED USDC
CLERK, CHARLESTON, SC
2021 AUG 12 AM 9:35

Case N⁰ 9:20-cv-03040-JD-MHC
Elijah v. Dobbs

Now Comes, LaRone F. Elijah in "specific objections" to the report And recommendations to dismiss the petition.

1. Petitioner was is "official detention" for 14 months while on Supervised Release, under US v. Haymond, 139 S. ct 2375 (2019). due to he is Serving an "Aggregated" Sentence, a "Continuous sentence of 144

(1)

month Sentence, not discrete Segments.
See Peyton v. Rowe, in part the revocation
of the original Judgment in which 36 months
were imposed. Once Haymond was decided
and Elijah still Serving the revocation he
is still in a "Criminal prosecution" from
the 1st day of Supervised release "until
revocation" And thus in "Official detention
under 18 usc 3585(b). The 14 months Served
on Supervised Release under Haymond is
required to be calculated As "official detention"

2.) Petitioner is entitled to Additional GCT
credit of 7 days under the FSA to the
108 months previously Served.

Under the "Aggregate Sentence doctrine"
the Violation and newly imposed Sentence
are one Sentence and thus the 63 days
for the 108 month Sentence Served in 7:07-cr-11-D
"is not satisfied" due to he is still Serving
part of the original Sentence. Furthermore,
he is still in A "Criminal prosecution" udr.

(2)

**JA132**

Haymond, 139 SCT 2379 (2019) And thus
eligible for the 7 days retroactive GCT.
under the FSA. The 108 months Sentence is
not Satisfied until the Aggregate 144
month Continuous Sentence is completed. The
courts even After Haymond still find that
Revocation Sentences are Separate from
the original Sentence. They Are not.
Haymond Abrogated the 4th circuits
ruling in U.S. v. Ward 770 F.3d 1077 (4th
Circuit (4th Ci. 2014)( find the original
and revocation sentences are Separate and
not "criminal prosecutions" requiring 5th &6th
Amendment protections. Haymond, found they
Are "criminal prosecutions and require.
6th And 5th Amendment Due Process
protections. If Haymond Abrogates
Ward, the SRA's last piece is gone
and thus revocation proceedings would
come to a halt as Justice Alito pre-
dicted, but the Court failed to do on
June 26th, 2019 in Haymond. Petitioner
is entitled to 63 days, FSA GCT due to
retroactive Application on Dec 18th, 2018 and

(3)

petitioners revocation still pending in
the Aggregate.

3. Haymond did invalidate 18 USC 3583(e)(3)

Petitioner's argument is clear. Once the
Supreme Court in Haymond, 139 S.CT 2375)
(2019)( found that a defendant remains in
a criminal prosecution" while on Supervised
release, from day one., it Abrogated
the 4th Circuits ruling is US v. Ward
770 F.3d 1079 (4th Cir, 2014) and All
other Appeals courts to decide the issue.
The 4th Circuits ruling in US v. Mooney
776 F. Appx 171, 171 n * (4th Cir. 2019)
"is not good law" due to Haymonds ruling.
Justice Gorsuch's opinion is law that
those Serving revocation Sentences are in
a "criminal prosecution" and thus
entitled to 5th and 6th Amendment protection
Under 2241 the Sentence is shortened upon
relief being granted due to 36 months
were imposed without Elijah being afforded
his Constitional protections.
I Object to the Report & Recommendation
              (4) Respectfully Lw Elijah

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larone F. Elijah, | ) | Case No.: 9:20-cv-03040-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Molly H. Cherry made in accordance with § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Larone F. Elijah ("Petitioner" or "Elijah"), a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg and proceeding pro se, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241 against Bryan K. Dobbs ("Respondent" or "Dobbs") arising out of Elijah's violation of supervised release and new criminal charges stemming from the same violation.[2]

_____

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]    On October 25, 2007, Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, case number 7:07-CR-10-1-D, to a 108-month term of confinement and a five-year term of Supervised Release for drug relate offenses. (DE 18, p. 1.) After Elijah satisfied the 108-month term of confinement on May 23, 2014, he was released from the Federal Bureau of Prisons' ("BOP") custody and began his five-year term of Supervised Release. However, on July 10, 2015, Elijah was arrested by federal authorities for a second set of drug charges, and on March 7, 2017, was sentenced in the United States District Court for the Eastern District of North Carolina, on case number 4:15-CR-70-1-D, to a second 108-month term of confinement. (DE 18, p. 2.) Additionally, during the interim period between Elijah's second sentence and second arrest, Elijah's Supervised Release term in his first case number 7:07-

1

**JA135**

Elijah filed the present petition contending that: 1) the BOP erred in failing to credit him for the fourteen months he spent on Supervised Release in case number 7:07-CR-10-1-D.; 2) the BOP incorrectly found that he could not be awarded additional Good Conduct Time ("GCT") credit under the First Step Act ("FSA") for his original 108-month term of confinement in case number 7:07-CR-10-1-D; and 3) 18 U.S.C. § 3583(e)(3) is unconstitutional pursuant to United States v. Haymond, 139 S. Ct. 2369 (2019). (DE 18, p. 5-6.) Dobbs filed the present motion for summary judgment seeking to dismiss Elijah's petition because Elijah is not entitled to any credit for time spent on Supervised Release and he is not entitled to additional GCT credit under the FSA. The Report recommends granting Dobbs' motion for summary judgement because the BOP correctly calculated Elijah's credit and GCT, and Haymond did not invalidate 18 U.S.C. § 3583(e)(3). For the following reasons, the Court adopts the Report.

Although Elijah raises several objections, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

CR- 10-1-D was revoked on August 17, 2015, for his second set of drug offenses, and he was sentenced to a thirty-six-month term of confinement for the Supervised Release violation. (DE 18, p. 2.)

**JA136**

Upon review, the Court finds that Elijah made three objections; however, each objection is nonspecific.[3] Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 18) and incorporates it herein, and grants Dobbs' motion for summary judgement.

It is therefore **ORDERED** that Defendant's motion for summary judgment (DE 8) is granted; and therefore, Plaintiff's Complaint is dismissed. Further, it is ORDERED that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Beaufort, South Carolina
August 23, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] First, Elijah objects to the Report contending he was in official detention for fourteen months while on Supervised release and he claims United States v. Haymond requires his 14 months of supervised release time be calculated as "official detention". However, Elijah offers no specifics as to how the case applies here. (DE 20, pp. 1-2.) Second, Elijah objects to the Report contending he is entitled to additional GCT credit because his original sentence and subsequent revocation in case number 7:07-CR-10-1-D should be combined and considered one sentence. (DE 20, pp. 2-3.) Lastly, Elijah objects to the Report contending Haymond invalidates 18 U.S.C. 3583(e)(3). (DE 20, p. 3.) As the Report has addressed all of Elijah's objections, the Court finds these objections to be nonspecific because Elijah is attempting to reargue his case. See Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.")

**JA137**

Sep. 15th, 21

RECEIVED
CLERK, CHARLESTON SC

2021 SEP 21  AM 9: 06

LaRone F Elijah
#70214-056
Fcc Coleman-Low
P.O. Box 1031                    <u>Notice</u> of <u>Appeal</u>
Coleman, Fl 33521

Cleks office,
U.S.D.C, D.S.C.
P.O. Box 835
Charleston, S.C. 29402

<u>Case</u> N° 9:20-cv-03040 JD, Elijah v. Dobbs
DE #21, 8/23/21, 2241 denial.

Clerk, Hope You well. bi fria

Please Notice Appeal of the Above
Case to the 4th Circuit.

Respectfully
LaRone F Elijah
LaRone F Elijah

**JA138**