**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-7352

LARONE F. ELIJAH,

        Petitioner - Appellant,

v.

RICHARD S. DUNBAR, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Joseph Dawson, III, District Judge. (9:20-cv-03040-JD)

Argued: March 9, 2023                                                      Decided: April 21, 2023

Before GREGORY, Chief Judge, WYNN, Circuit Judge, and FLOYD, Senior Circuit Judge.

Vacated and remanded with instructions by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Floyd joined.

**ARGUED:** Sophia E. Evans, Holl M. Chaisson, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Andrew Robert de Holl, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee. **ON BRIEF:** J. Scott Ballenger, Catherine E. Stetson, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant. Adair F. Boroughs, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

GREGORY, Chief Judge:

This appeal stems from the district court's dismissal of Larone F. Elijah's ("Elijah") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. An incarcerated person at Federal Correctional Institution Williamsburg, Elijah alleged that the Bureau of Prisons had miscalculated his release date by not retroactively applying the First Step Act to his previous sentence and crediting the resulting good conduct time to his release date. After the Warden moved for summary judgment, a magistrate judge issued a report and recommendation ("R&R") concluding that Elijah's petition should be dismissed. Elijah objected to the recommendation in detail; nonetheless, the district court did not review the R&R de novo because Elijah had only "reargue[d] his case." J.A. 137. After reviewing for clear error, the district court adopted the R&R and dismissed Elijah's petition.

On appeal, Elijah first submits—and the Warden concedes—that the district court erred by failing to review the R&R de novo. Elijah further requests that we proceed to the merits of his habeas petition and consider the retroactive applicability of the First Step Act. Finally, Elijah asks this Court to recall its previous mandate dismissing his 2015 appeal of his revocation sentence.

We agree with Elijah that his grounds for objection were clear and thus should have prompted a de novo review of the magistrate's R&R. Because the district court only reviewed the R&R for clear error, we vacate and remand with directions to review Elijah's grounds for objection de novo. We decline, however, to consider the merits of Elijah's petition or recall our previous mandate.

2

I.

On October 25, 2007, Elijah pleaded guilty to possession with intent to distribute eight grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Because his § 841(a)(1) conviction qualified him as a Class B felon under 18 U.S.C. § 3559, Elijah was sentenced to 108 months' imprisonment. In May of 2014, Elijah completed his custodial sentence, and began a five-year term of supervised release.

On July 11, 2015, Elijah was arrested by federal authorities for possession with intent to distribute methamphetamine, cocaine, and heroin in violation of his supervised release terms, which the district court subsequently revoked. Notably, since his sentencing, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 2372, which demoted Elijah's original 2007 charge from a class B to a class C felony. 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (creating sentencing scheme for drug possession); 18 U.S.C. § 3559 (classifying felonies). Nevertheless, the district court sentenced Elijah as a class B felon under § 3583(e)(3) and imposed a thirty-six-month revocation sentence.

In November of 2015, Elijah appealed his revocation sentence to this Court, arguing, in part, that the district court should have treated him as a class C felon under presently controlling law. However, the appeal came two months after the filing deadline, and in a sealed order, was dismissed as untimely.

Two years into his revocation sentence, in March of 2017, Elijah pleaded guilty to possession with intent to distribute based on the facts of his 2015 arrest, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). He was sentenced to 108 months' imprisonment to run consecutively with his revocation sentence, followed by three years' supervised release.

3

In 2019, while Elijah was serving his second possession sentence following the completion of his revocation sentence, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, amended 18 U.S.C. § 3624 to increase the maximum good conduct time ("GCT") available to prisoners from forty-seven to fifty-four days per year of their imposed sentence. Pursuant to this amendment, the Bureau of Prisons ("BOP") credited an additional seven days of GCT for each year of Elijah's revocation sentence and his second possession sentence towards his release date. In October of 2019, Elijah filed a request with the BOP asking that it retroactively apply the First Step Act's expansion to his original possession sentence, which would give him an additional sixty-three days towards his release date.[1] The Administrator of National Inmate Appeals denied Elijah's BOP complaint in July of 2020, exhausting the administrative remedies available to Elijah.

Proceeding pro se, Elijah filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. In his petition, he argued (1) his supervised release constituted "official detention," and thus should be credited towards his release date; (2) the BOP erred by not retroactively applying the First Step Act to his original possession sentence; and (3) the Supreme Court had invalidated 18 U.S.C. § 3583(e)(3) in *United States v. Haymond*, 139 S. Ct. 2369 (2019).[2] The Warden moved for summary judgment. Elijah filed a response, wherein he expanded on his original arguments.

---

[1] Elijah additionally argued that his supervised release should qualify as "official detention time," and be credited towards his sentence. J.A. 28.

[2] In *Haymond*, the Supreme Court held that 18 U.S.C. § 3583(k) was unconstitutional because it "closely resemble[d] the punishment of new criminal offenses, (Continued)

4

On July 29, 2021, a magistrate judge issued an R&R concluding that the petition should be summarily dismissed for failure to state a claim on which relief could be granted. Elijah filed a timely objection, again advancing his three claims in the same manner as before but developing his arguments with new case law and discussion.

The district court found that because Elijah was attempting to "reargue his case," his objection was "nonspecific." J.A. 137. The court thereby applied clear error review, concluded that the magistrate did not clearly err in her analysis, and adopted the magistrate's recommendation to dismiss Elijah's petition. Elijah appealed that dismissal to this Court.

## II.

Elijah first argues that because his objection clearly identified the grounds on which he disagreed with the magistrate's R&R, the district court should have reviewed the grounds of his objection de novo. The Warden concedes this point, and we agree.

### A.

The Federal Magistrates Act ("FMA") allows district courts to delegate pretrial matters to a magistrate judge, who then issues a recommendation as to how to resolve those matters. 28 U.S.C. § 636(b)(1)(A). In response to a recommendation, "any party may serve and file written objections" whereupon "[a] judge of the court *shall* make a de novo

---

but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (plurality opinion). Section 3583(e) sets out how a court may modify a sentence after revoking supervised release.

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C) (emphasis added). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Further, magistrate recommendations are merely proposals, and hold no presumptive weight. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

The authority of magistrate judges is narrowly limited by Article III; in fact, the constitutionality of the FMA sits precariously on the requirement that "ultimate decision[s]" be made solely by the district court, not the magistrate. *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (citing *United States v. Raddatz*, 447 U.S. 667, 683 (1980)). Magistrate judges were not intended to replace Article III judges, but to increase the efficiency of the court by providing a neutral "preliminary evaluation" for the judge's consideration. *Mathews*, 423 U.S. at 271.

Mandatory de novo review of litigants' objections protects the FMA's otherwise precarious position and "advances Congress's intent that district judges bear 'primary responsibility for supervision of federal magistrates' functions.'" *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (quoting *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984)). Thus, such review may only be foregone when the parties do not object to the magistrate's recommendation. *See, e.g.*, *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

6

To trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). District courts are not expected to relitigate entire cases to determine the basis of a litigant's objection. *See Midgette*, 478 F.3d at 622. If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only. *See, e.g.*, *Diamond*, 416 F.3d at 315.

Importantly, objections need not be novel to be sufficiently specific.[3] In *Martin v. Duffy*, 858 F.3d 239, 245–46 (4th Cir. 2017), this Court exemplified the specificity analysis by looking solely to whether the grounds for objection were clear. There, an objection which merely "restated all of [the] claims" was sufficiently specific because it "alerted the district court that [the litigant] believed the magistrate judge erred in recommending dismissal of those claims." *Id.* at 246.[4] If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III.

---

[3] Aside from needlessly curtailing litigants' access to an Article III judge, such a requirement could leave litigants with no available arguments, as district court judges are not required to consider new arguments posed in objections to the magistrate's recommendation. *Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017) (citing *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992)).

[4] Despite the intervening and binding rule of *Martin*, many district courts have continued to rely on *Abou-Hussein v. Mabus*, No. 2:09-1988-RMG-BM, 2010 WL 4340935 at *1 (D.S.C. Oct. 10, 2010), *aff'd* 414 Fed. App'x 518 (4th Cir. 2011), wherein (Continued)

Finally, pro se filings must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "so as to do substantial justice." Fed. R. Civ. Proc. 8(f). "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted); *accord Erickson*, 551 U.S. at 94. Thus, when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue. *See Martin*, 858 F.3d at 245–46. Such a requirement advances district courts' obligation to liberally construe pro se objections while maintaining constitutional limitations on a magistrate's authority.

Thus, we review the sufficiency of a litigant's objection de novo. *See generally Diamond*, 416 F.3d 310.

B.

Elijah's objections satisfied—and exceeded—the sufficiency standard. Elijah objected by way of three enumerated, detailed legal claims disagreeing with the magistrate's recommendation. First, he argued that he was in "official detention" while in supervised

---

this Court affirmed by unpublished opinion a district court's determination that objections could not merely "rehash" previous arguments. *See, e.g.*, *Bennett v. Zydron*, No. 2:17CV92, 2017 WL 4176972, at *1 (E.D. Va. Sept. 21, 2017); *Rowland v. Kijakazi*, No. 5:20-cv-02689-TMC, 2022 WL 203075, at *1 (D.S.C. Jan. 24, 2022); *Johnson v. Saul*, No. 8:18-cv-03223-TMC, 2020 WL 881033, at *1 (D.S.C. Feb. 24, 2020); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *Godfrey v. Kijazaki*, No. 6:20-cv-2504-TMC, 2022 WL 951620, at *1 (D.S.C. March 30, 2022); *Weaver v. United States Postal Serv.*, No. 1:19-cv-2700-JMC, 2020 WL 3603773, at *1 (D.S.C. July 1, 2020); *Li v. Xu*, No. 1:20-cv-241, 2021 WL 8444697, at *2 (E.D. Va. May 12, 2021). This opinion and *Martin*, not *Abou-Hussein*, are controlling law.

8

release; therefore, his time in supervised release should be credited towards his current sentence. J.A. 131–34. Second, citing *United States v. Ward*, 770 F.3d 1090 (4th Cir. 2014), he asserted that the BOP should retroactively apply the First Step Act to his original sentence and reduce his current sentence based on the GCT he would have earned for his original sentence. *Id.* Finally, he argued that *Haymond* invalidated 18 U.S.C. § 3583(e)(3). *Id.*

The district court concluded that because Elijah repeated his previous arguments, he did not object with sufficient specificity to warrant de novo review. However, *Martin* clearly instructs us that Elijah's objection was sufficiently specific because it "alerted the district court that he believed the magistrate judge erred in recommending dismissal of those claims." *Martin*, 858 F.3d at 246. Even if we did not apply the liberal construction provided to pro se litigants, Elijah "reasonably alert[ed] the district court of the true ground for the objection." *Midgette*, 478 F.3d at 622. At bottom, we must recognize that the pro se construction owed to Elijah makes his grounds even clearer.

Because Elijah alerted the district court to the grounds on which he objected, the court was obligated to review Elijah's objections de novo. *See Martin*, 858 F.3d at 245–46. It is immaterial that his objections resembled arguments he had made previously; district courts must solely consider the specificity, not the novelty, of objections to magistrate recommendations. By adopting the recommendation after only clear error review, the district court improperly elevated the magistrate's opinion and failed to satisfy its obligations under § 636(b) and Article III. *See Raddatz*, 447 U.S. at 668.

C.

Because "we generally don't reach factual or legal questions in a magistrate judge's report that were not first subject to de novo review by the district court," we decline Elijah's invitation to consider the merits of his habeas petition. *De Leon-Ramirez*, 925 F.3d at 181; *see also Aluminum Co. of Am. v. U.S. Envt'l. Prot. Agency*, 663 F.2d 499, 502 (4th Cir. 1981). Instead, we remand to the district court to review the magistrate's recommendation de novo. Proceeding to the merits would needlessly abridge Elijah's access to judicial review, but by remanding, we ensure appropriate district court review while leaving the door open for future appeals.

III.

Finally, we decline Elijah's request to recall our 2016 mandate dismissing his 2015 appeal and to reopen the certificate of appealability.

Inherently, circuit courts have the discretion to recall their own mandates. *Calderon v. Thompson*, 523 U.S. 538, 549 (1998) (citing *Hawaii Hous. Auth. v. Midkiff*, 463 U.S. 1323, 1324 (1983)). "[H]owever, the power can be exercised only in extraordinary circumstances. . . . The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Id.* (citation omitted). While what may rise to a "grave, unforeseen contingency" has never been clearly outlined, "[a]lleged erroneous rulings of law are generally not held to be sufficiently unconscionable to justify reopening a judgment not void when issued." *Powers v. Bethlehem Steel Corp.*,

10

483 F.2d 963, 964 (1st Cir. 1973); *accord Hines v. Royal Indem. Co.*, 253 F.2d 111 (6th Cir. 1958); *Iverson's Est. v. Comm'r*, 257 F.2d 408 (8th Cir. 1958).

Here, Elijah asks this Court to recall its mandate dismissing his case for untimeliness for fear that we overlooked the merits of his argument. Although we sympathize with Elijah's position it is, in essence, an argument that the Court came to the wrong conclusion. As noted, such claims fall short of "grave, unforeseen contingencies." *See In re Brown*, 95 F. App'x 520 (4th Cir. 2004) (declining to recall mandate when petitioner argued this Court had applied the wrong standard); *accord Powers*, 483 F.2d at 964; *Hines*, 253 F.2d at 113–14; *Iverson's Est.*, 257 F.2d at 409.

Accordingly, we leave our decision dismissing Elijah's 2015 appeal undisturbed.

IV.

Because the district court erred by reviewing the magistrate's recommendation for clear error, we vacate the district court's judgment and remand with instructions to apply de novo review.

*VACATED AND REMANDED WITH INSTRUCTIONS*